GEORGE W. LEDBETTER v. J. L. ENGLISH.

(Filed 30 May, 1914.)

1. **Municipal Corporations—Cities and Towns—Ordinances—Violation—Trials—Negligence—Proximate Cause—Instructions.**

   The plaintiff sued the defendant for damages to his automobile, alleging that the defendant was negligently running his own automobile at the time on the left-hand side of a city street, forbidden by an ordinance, and thus caused a collision, resulting in the damages claimed in his action. There was conflicting evidence as to whether the plaintiff was on the wrong side of the street and caused the collision by turning his automobile as the defendant turned to the left side of the street to avoid the collision, when imminent, and whether the consequent damages resulted from the plaintiff's negligence. The ordinance made it lawful to cross over to the left-hand side of the street for certain purposes, and it is held for reversible error that the court charged the jury that the defendant was negligent if, at the time of the collision, he was on the left-hand side of the street, as such withdrew from the consideration of the jury that the defendant had a right under the provisions of the ordinance to drive on the left-hand side of the street for lawful purposes, and also the question of proximate cause.

2. **Municipal Corporations—Cities and Towns—Ordinances—Trials—Negligence Per Se—Proximate Cause.**

   While the violation of a city ordinance relating to the running of automobiles on the streets of a city is negligence *per se*, it is necessary, to recover damages alleged to have been caused thereby, that the plaintiff show that this negligence was the proximate cause of the injury complained of.

APPEAL by defendant from *Justice, J.,* at February Term, 1913, of BUNCOMBE.

This is a civil action to recover damages to an automobile, alleged to have been sustained in a collision by reason of the negligence of the defendant while driving another automobile.

There was evidence on behalf of the plaintiff tending to prove the allegations in the complaint. There was evidence on the part of the defendant tending to prove the allegations in the answer.

The defendant himself testified that he was driving his automobile at from 8 to 12 miles an hour, as he was turning from Riverside Drive into Lyman Street, and that he did not recall whether he sounded his horn or not. There was evidence tending to show the defendant was on the wrong side of the road, and evidence tending to show that the plaintiff was on the wrong side of the road. The collision occurred at the intersection of Lyman Street and Riverside Drive.

There were no objections or exceptions taken to any of the testimony.

An ordinance was introduced in evidence relating to driving on the streets of the city. It provides that "It shall be the duty of all persons driving upon the streets . . . to go and travel upon the right-hand side . . . unless the crowded condition of that side . . . or other unavoidable circumstances shall make it necessary to drive upon the left-hand side: . . . *Provided,* that nothing herein contained shall prohibit persons from driving across the street to the left side for any lawful and proper purpose," etc.

Among other things, the judge charged the jury:

1. "If you find, gentlemen of the jury, that the defendant, English, was driving at a rate of 8 or 10 or 12 miles an hour, as he said he was, he was guilty of negligence." The defendant excepted.

2. "Or if he failed to sound his horn as he turned that corner, then he would be guilty of negligence." The defendant excepted.

3. "If you find that the defendant was on the wrong side of the road in making that turn, he was guilty of negligence, be-

cause the law says he must stay on the right, and that he must not go over to the left side of the road. That is applicable to English.". The defendant excepted.

4. "Now, if Mr. English was driving as fast as he said he was, that is negligence." The defendant excepted.

There was a verdict for the plaintiff. Judgment was then rendered upon the verdict, and the defendant appealed.

*Mark W. Brown for plaintiff.*
*Merrimon, Adams & Adams for defendant.*

ALLEN, J. It was erroneous to charge the jury that if the defendant was on the wrong side of the road he was guilty of negligence.

The defendant alleges in his answer: "That the plaintiff, Ledbetter, was driving a car on the wrong side of the street and in the direction of the defendant, and showing no inclination to turn out; the defendant, in order to avoid a collision, turned to the left side of the street, and almost immediately thereafter the plaintiff turned the car he was driving, and there was a collision of the two cars; that if any one were to blame for the accident, it was the plaintiff in this cause, in violating the city ordinance requiring him to keep on the right side of the street, and in turning his car after he saw, or could have seen, that the defendant was turning in order to avoid any accident; and the plaintiff contributed to the injury to the said car by his own negligence and want of care, as herein alleged."

And the case on appeal states that there was evidence tending to prove the allegations of the answer.

If so, and this evidence of the defendant should be accepted by the jury, the defendant was on the left side of the street because of the wrongful conduct of the plaintiff, and to avoid a collision with him, and this would not be a violation of the ordinance introduced in evidence, which expressly permits one to travel on the left-hand side of the street if the right side of the street is crowded or when unavoidable circumstances make it necessary. If the evidence of the defendant is true, it was necessary for him to turn to the left side, and the necessity existed

by reason of the unlawful act of the plaintiff, and this would be neither a violation of the ordinance nor negligence, as the ordinance expressly permits driving on the left side for. a lawful purpose.

This view of the evidence was excluded from the jury by the instruction given, the negligence of the defendant in this particular being made to depend on whether he was on the left-hand side of the street, and not whether he was wrongfully there.

This disposes of the appeal, but another question is presented by the exceptions, which we will consider, as it will necessarily arise on another trial,. and that is, whether the violation of a statute or ordinance is negligence *per se,* or merely evidence of negligence.

A reference to the text-writers and the decided cases upon the question will serve no useful purpose, as we can find as many expressions in favor of one position as the other, and in our own reports, in *Edwards v. R. R.,* 129 N. C., 82; *Henderson v. Traction Co.,* 132 N. C., 784, and *Duval v. R. R.,* 134 N. C., 331, it is said that the violation of a statute or ordinance is evidence of negligence, while in *Leathers v. Tobacco Co.,* 144 N. C., 330, and *Starnes v. Mfg. Co.,* 147 N. C., 556, it is declared that it is negligence *per se.*

Much of this apparent conflict of authority arises from a failure to distinguish between negligence, which is a failure to perform a duty imposed by law and from which no injury may follow, and actionable negligence, in which there must not only be a failure of duty, but also an injury as the proximate result.

In other words, the courts have sometimes lost sight of the principle that the violation of an ordinance or statute may be negligence *per se,* or as a matter of law to be declared by the court, and at the same time only evidence of the right to recover, which requires proof of two facts: (1) negligence; (2) that the negligence is the proximate cause of the injury.

In the *Henderson case,* which contains the strongest expression in favor of the position that it is evidence, the Court clearly had in mind the effect upon the right to recover, as appears from the context. The Court says:

"After a careful examination of a number of authorities, we are of the opinion that the sound doctrine is, that a violation of a public statute or a city ordinance is evidence of negligence, to be submitted to the jury. It is generally held, and this we regard as the true doctrine, that the element of proximate cause must be established, and it will not necessarily be presumed from the fact that a city ordinance or statute has been violated. Negligence, no matter in what it may consist, cannot result in a right of action unless it is the proximate cause of the injury complained of by the plaintiff."

This is further illustrated by *Rich v. Electric Co.,* 152 N. C., 694, in which the Court, having in mind the necessity of proving proximate cause, quotes the statement from the *Henderson case* that the violation of a statute or ordinance is evidence of negligence, and from the *Leathers case,* that it is negligence *per se,* in connection with what is said in both opinions as to proximate cause, and concludes: "It seems to us that the principle is clearly settled by this Court in the cases cited, that, while the violation of a statute is negligence, yet to entitle the plaintiff seeking to recover damages for an injury sustained, he must show a causal connection between the injury received and the disregard of the statutory prohibition or mandate—that the injury was the proximate cause; and this requirement is fundamental in the law of negligence."

This last expression of the Court is, in our opinion, a correct statement of the law, and it accords with what is said on the subject in Shearman and Redfield on Neg. (6 Ed.), sec. 4, where the author, after defining negligence, says: "It will be advantageous to carry the analysis a little further. The foregoing definition attempts to define the negligence which affords the ground of a civil action. But this includes two distinct elements—negligence and damage—both of which must concur in order to form the ground of an action, just as fraud and damage must concur to sustain an action on fraud. The two elements are, however, distinct; and the result of mingling them too closely has been to introduce that confusion of ideas under

which the same courts at one time hold that a clear violation of law is negligence *per se,* and at another time that it is only 'evidence,' or even only 'some evidence,' of negligence; the truth being that every breach of duty to observe the degree of care required by law is negligence, and not merely evidence of it, but that damage caused to the plaintiff being an indispensable element in his cause of action, the clearest proof of negligence, standing by itself, is only 'some evidence' of his right to recover."

When it is remembered that negligence is the failure to perform a duty imposed by law, it necessarily follows that the failure, without legal excuse, to obey the provisions of a statute or ordinance imposing a public duty is negligence, and not merely evidence of negligence, and that when this is proven the plaintiff has furnished some evidence of a right to recover, which can, however, avail him nothing unless he goes further, and proves that this failure of duty was the real or proximate cause of his injury.

For the error pointed out a new trial is ordered.

New trial.