### W. L. GOODRICH v. ELLIOTT MATTHEWS.

(Filed 19 March, 1919.)

1. **Negligence—Evidence—Statutes—Highways—Automobiles—Nonsuit.**

   Where there is evidence tending to show that one driving an automobile along a country road, sufficiently wide, failed, as required by an existing statute, to turn out upon meeting a pedestrian leading two mules, and ran upon and killed one of the mules, and that the pedestrian had turned out on his side as far as the road permitted: *Held*, his breach of the statute is negligence, entitling the owner of the mule to recover if it was the proximate cause of the injury thereto, and in this case a motion to nonsuit upon the evidence, viewed in the light most favorable to the plaintiff, was properly denied.

2. **Evidence— Declarations— Deceased Persons—Accusations Unanswered— Admissions.**

   Declarations of the deceased owner of a mule that had been killed by defendant, who did not turn out of the road as required by an existing statute, made to the defendant at the time of the occurrence, that "You have run over my mule and you will have to pay for her," is not a communication or transaction with a deceased person, excluded as evidence on the trial, and when the charge was not answered by the defendant it is competent as an implied admission.

APPEAL by defendant from *Calvert, J.,* at the March Term, 1918, of SAMPSON.

This is an action to recover damages for the killing of a mule belonging to the intestate of the plaintiff which the plaintiff alleges was killed by the negligence of the defendant in driving an automobile.

At the time of the injury complained of the plaintiff was walking along a public road leading two mules and going in a westerly direction, and the defendant was driving an automobile along the road going in an easterly direction and met the intestate of the plaintiff.

There was a motion for judgment of nonsuit at the conclusion of the evidence, which was overruled and the defendant excepted.

A witness for the plaintiff named Cain went to the place where the mule was injured a few minutes after the injury and he was permitted to testify that the owner of the mule said to the defendant "You have run over my mule and you will have to pay for her," and the defendant excepted.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*No counsel for plaintiff.*
*E. L. Gavin, Fowler & Crumpler, and W. H. Fisher for defendant.*

ALLEN, J. The statute in force at the time of the injury complained of (ch. 107 Laws 1913) required the defendant to turn to the right when he met the plaintiff's intestate on the road, and if he failed to do so he was guilty of a breach of a statutory duty, which is negligence; and if this was the cause of the injury to the mule it is actionable and renders the defendant liable to answer in damages. *Ledbetter v. English,* 166 N. C., 125; *McNeill v. R. R.,* 167 N. C., 396; *Dunn v. R. R.,* 174 N. C., 259.

Does the evidence tend to prove these facts? The road was twenty-one feet wide. E. M. Bullard, a witness for the plaintiff, testified: "The mules, judging from their tracks, were as far to the right as they could get. I noticed defendant's car tracks were in the wheel ruts. I know his car tracks as they had non-skid tires and could tell from that that the defendant kept in the ruts and did not turn to his right. To the right, going west, it was seven feet and 2 inches from the run to the edge of the ditch. I am satisfied Matthews did not turn to his right."

Upon a motion for judgment of nonsuit we must assume that this evidence is true; and if so, it shows that the mules were as close to the ditch on their side as they could go, and that the defendant, having a space of seven or eight feet to his right, instead of going as far from the mules as he reasonably could, did not turn to the right at all, but con-

tinued in the rut ordinarily used by travelers, and that he was therefore negligent in that he failed to obey the statute, and it was for the jury to say, under the circumstances, whether this failure on his part to do as the law required was the proximate cause of the injury. The jury might reasonably conclude that if the defendant had turned two or three feet, which he could have done easily, that the mules would not have been injured, and that the real proximate cause of the injury was because he did not do so.

The evidence of the defendant tends to prove that he was as far to the right as he could reasonably go, and that the injury was not caused by his negligence, but because as he drove opposite the mules one of them backed into the car and was injured; but we cannot base our ruling on this contradictory evidence, as it is the province of the jury alone to pass on the credibility of the witnesses and to determine the weight of evidence, and we must presume that the contentions of the defendant were fairly submitted to the jury, as there is no exception to the charge and it has not been sent up as a part of the record.

We are therefore of opinion that the motion for judgment of nonsuit was properly overruled.

The exception to the evidence does not come within the ruling of *Bumgardner v. R. R.,* 132 N. C., 440, in which the declaration of a deceased party, who was injured, made after the event and detailing the cause of the injury, was excluded because it was a narrative of a past event, as the evidence admitted in this case was a declaration made to the defendant himself, and was in the nature of a charge that the defendant was responsible for the injury, and therefore negligent, to which the defendant made no reply.

It was admissible upon the same ground that a charge of crime or misconduct made to a party and not replied to is dealt with as an implied admission.

No error.