### CHRISTINA STULTZ v. C. M. THOMAS ET AL.

(Filed 23 November, 1921.)

**1. Municipal Corporations—Cities and Towns—Streets and Sidewalks— Negligence—Ordinances—Evidence—Questions for Jury—Trials.**

In an action to recover damages for a personal injury alleged to have been negligently caused by the defendant contractor at night, in failing to properly safeguard concrete work on a sidewalk of a city, having in force an ordinance specifying the kind of guard rails, post lights, etc., that were to be used at such places dangerous to pedestrians, the requirements of the statute prevail in these respects, as the test of defendant's responsibility, and evidence offered in defendant's behalf as to what other such contractors were in the habit of doing there under like conditions, is irrelevant, and properly excluded.

**2. Same—Nonsuit.**

It is a question for the jury to determine whether or not a concrete contractor left at night a dangerous part of a sidewalk safe for pedestrians according to the requirements of an existing valid ordinance, in an action to recover damages for an alleged negligent injury therein caused the plaintiff, and upon this motion to nonsuit, construing the evidence in the light most favorable to the plaintiff, it is held the issue was properly submitted to the jury.

**3. Same—Negligence Per Se—Proximate Cause.**

Where a valid ordinance imposes a specific duty upon contractors as to the protection of pedestrians of a city from injuries from dangerous places on the sidewalks where paving has been done by them, their failure to discharge this affirmative duty is negligence *per se*, leaving for the determination of the jury the question of whether or not such negligence is the proximate cause of the injury.

APPEAL by defendants from *Webb, J.,* at March Term, 1921, of FORSYTH.

Civil action to recover damages for an alleged negligent injury to plaintiff by falling over a rope barricade which the defendants had erected around a newly laid concrete sidewalk in the city of Winston-Salem.

The defendants were engaged, under a contract with the city, in replacing an old sidewalk with a new concrete one in front of the premises occupied by the plaintiff's sister. The plaintiff, a woman of about fifty years of age, a seamstress by occupation, had rooms on the opposite side of the street, and took her meals at her sister's home.

The defendants' servants, at about six o'clock in the evening of 19 November, 1919, had completed the laying of the new concrete sidewalk in front of the residence of the plaintiff's sister, and erected barricades and placed red lanterns in the vicinity immediately before stopping work. They placed a plank, about 12 inches wide, from the gate to the curb across the new concrete for the protection of the new concrete in case persons should desire to enter or leave the premises. They erected a number of posts, three or four feet high, along the curb between the street and sidewalk, and tied a rope to the top of these posts to act as a barrier for the protection of the new concrete. A post was placed at each side of the plank at the curb so close together as only to leave room for a person to pass between, and the rope, according to the contentions of defendants, was permitted to hang down alongside the post, to pass under the plank, and ascend alongside the other post to its top, the rope hanging loosely under the plank, and the plank projecting several inches beyond the rope and the edge of the curb. According to the plaintiff's contentions, the rope was placed above the plank and was carelessly permitted to sag down to within a few inches of the plank, thus rendering it dangerous for pedestrians to pass over.

About 6 or 6:15 p. m., the plaintiff came to supper from the opposite side of the street and went into her sister's home, walking along this plank to do so. Twenty-five or thirty minutes later, the plaintiff, returning to her room, came out of the gate, walked across the plank and tripped against some obstacle—she did not know what at the time—which, on arising, she discovered to be the rope.

Upon issues submitted, the jury returned the following verdict:

"1. Were the defendants independent contractors in doing the work referred to in the complaint, as alleged in the complaint? Answer: 'Yes.'

"2. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: 'Yes.'

"3. Did the plaintiff of her own negligence contribute to her injury, as alleged in the answer? Answer: 'No.'

"4. What damage, if any, is the plaintiff entitled to recover? Answer: '$1,500.'"

From the judgment rendered on the verdict in favor of plaintiff the defendants appealed.

*O. O. Efird, Swink & Hutchins, and N. O. Petree for plaintiff.*
*Fred M. Parrish, Linney Deal, and Moser Shapiro for defendants.*

STACY, J. Considering the evidence in its most favorable light for the plaintiff, the accepted position on a motion to nonsuit, we think his Honor was correct in submitting the case to the jury.

Upon trial in the Superior Court, the defendants proposed to show, by several witnesses, the custom prevailing in Winston among other contractors with respect to the precautions used by them in doing work of the same character in which the defendants were engaged. This evidence was excluded, upon objection by plaintiff, and defendants assign such ruling as error. The purpose in offering this evidence, as stated by counsel, was as follows:

"We propose to show by the witness that the custom and approved method of placing warnings and guards around newly laid sidewalks is to place ropes next to the streets and place the same under the plank that leads from the street to the abutting landowners, and place red lights at each end of the work, beginning and ending of the work on the streets, and it is further the custom to put the rope from a post under the plank as testified by these witnesses was done in this case, that that method was approved and in general use."

Section 108 of the ordinances of the city of Winston-Salem provides: "It shall be unlawful for any person, firm, or corporation to make any excavation or do any work which may create or cause a dangerous condi-

tion in or on or near any street, alley, sidewalk, or public place of the city, without placing and maintaining proper guard rails and signal lights or other warnings, at, in, or around the same, sufficient to warn the public of such excavation or work, and to protect all persons using reasonable care from injuries on account of same."

A failure to discharge an affirmative duty imposed by law has been held by us in a number of cases to constitute an act of negligence *per se* (*Taylor v. Stewart,* 172 N. C., 203) ; and, where such conduct on the part of the defendant has been shown or established, it is a question for the jury to say whether or not such negligence is the proximate cause of the plaintiff's injury. *Ridge v. High Point,* 176 N. C., 421; *Paul v. R. R.,* 170 N. C., 231; *Fox v. Texas Co.,* 180 N. C., 543; *Stone v. Texas Co.,* 180 N. C., 546, and cases there cited.

We do not think that an established use or custom among men engaged in the same line of work can avail as against the positive requirements of the ordinance, or statute. In fact, a breach of a legal duty, or a duty imposed by law, comes within the very definition of negligence; and, if such be the proximate cause of an injury, it constitutes actionable negligence. *Drum v. Miller,* 135 N. C., 215; *Larson v. Ring,* 43 Minn., 88; *Mallory v. Walker,* 77 Mich., 448; 6 L. R. A., 695.

In the *Mallory case,* just cited, the Michigan statute imposed a penalty upon municipalities for failing to make their highways safe for travel. The defendant neglected to provide proper and safe barriers at a dangerous place. The Court held that a general usage or custom as to placing rails or barriers along a highway embankment is of no importance in determining the liability of the municipality for failing to provide such barriers at a dangerous place. This is in perfect analogy with the case at bar.

We have found no sufficient reason for disturbing the verdict and judgment.

No error.