W. L. WHITE v. CAROLINA REALTY COMPANY.

(Filed 30 November, 1921.)

**1. Negligence — Proximate Cause— Concurrent Negligence—Joint Tort Feasors—Actions.**

Where an injury to a third person is proximately caused by the negligence of two persons, to whatever degree each may have contributed to the result, the negligence of the one may not exonerate the other, each being a joint tort feasor, and the person so injured may maintain his action for damages against either one or both.

**2. Same—Automobiles—Collisions—Passengers.**

The negligent acts of the driver of an automobile in which the plaintiff was riding at the time of receiving a personal injury thereby caused, is not imputable to the plaintiff, who is neither the owner nor exercises control over the driver, and where this injury is proximately caused by the negligence of the driver of this machine and that of another one concurrently causing the injury complained of, and not solely by the negligence of the one in which he was riding, the plaintiff may maintain his action against the owner of the other automobile responsible for the negligence of the driver.

**3. Instructions—Appeal and Error—Harmless Error—Negligence—Automobiles—Collisions—Joint Tort Feasors.**

A charge of the court will not be construed disjointedly, but as a whole, in relation to each subject-matter, and where the defendant's liability depends upon the concurrent negligence of the driver of his own automobile and the negligence of the driver of another one, in proximately causing a personal injury to a passenger in his machine, an instruction by the court on the issue of defendant's negligence which leaves out the question of the proximate, sole, and efficient cause, though error in itself, will not be considered for reversible error, if immediately followed by an instruction correcting this omission, and so repeated elsewhere in the charge that the jury must have understood the correct principle for their guidance in rendering their verdict.

APPEAL by defendant from *Harding, J.,* at March Term, 1921, of MECKLENBURG.

Civil action to recover damages for an alleged negligent injury to plaintiff in a collision between a Ford automobile, in which the plaintiff was a passenger, and a truck belonging to the defendant.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the plaintiff's injury caused by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. What damages, if anything, is the plaintiff entitled to recover? Answer: '$2,500.' "

From a judgment on the verdict in favor of plaintiff, the defendant appealed.

*F. M. Redd and D. E. Henderson for plaintiff.*
*Clarkson, Taliaferro & Clarkson for defendant.*

STACY, J.   This is an action brought by W. L. White to recover damages for an alleged negligent injury caused by a collision between a Ford automobile, in which the plaintiff was riding as a passenger, and the defendant's truck, said collision occurring on West Trade Street in the city of Charlotte at an early morning hour on 23 September, 1920.

There was evidence tending to show that the defendant's truck was standing at the intersection of Linden Avenue and West Trade Street in a manner violative of a traffic ordinance of the city, when the Ford automobile, owned and driven by one E. H. McQuay, and in which the plaintiff was riding as a passenger, ran into and collided with the defendant's truck, causing serious and permanent injuries to the plaintiff. The accident occurred about 7:30 a. m. during a heavy equinoctial storm, when the fog, rain, and wind made it difficult for the occupants of the car to see very far ahead.

The evidence was conflicting as to the exact position of the truck at the time of the injury, and as to whether the defendant's driver had violated any of the traffic ordinances of the city of Charlotte; but, under his Honor's charge, the jury have found these matters in accordance with the plaintiff's contention.

From all the evidence it clearly appeared that the plaintiff was a passenger in McQuay's car, and exercised no authority or control over its management, and had nothing to do with the manner in which it was driven.

Upon these, the facts chiefly relevant, we think the defendant's motion for judgment as of nonsuit was properly overruled.

Conceding that McQuay, the owner and driver of the Ford machine, was negligent, as it is quite apparent from the evidence he was, yet this would not shield the defendant from suit if its negligence was also one of the proximate causes of the plaintiff's injury. *Crampton v. Ivie,* 126 N. C., 894.   There may be two or more proximate causes of an injury; and where this condition exists, and the party injured is free from fault, those responsible for the causes must answer in damages, each being liabile for the whole damage instead of permitting the negligence of the one to exonerate the others.   This would be so though the negligence of all concurred and contributed to the injury, because, with us, there is no contribution among joint tort feasors.   *Wood v. Public Service Corp.,* 174 N. C., 697.

In *Harton v. Tel. Co.,* 141 N. C., 455, the following statement of the law is quoted with approval: "To show that other causes concurred in producing or contributing to the result complained of is no defense

to an action of negligence. There is, indeed, no rule better settled in this present connection than that the defendant's negligence, in order to render him liable, need not be the sole cause of the plaintiff's injuries. When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes, he is liable." See, also, 21 A. & E. (2 ed.), 495, and note.

His Honor correctly charged the jury that if the negligence of Mc-Quay, the owner and driver of the Ford car, was the sole and only proximate cause of plaintiff's injury, the defendant would not be liable; for, in that event, the defendant's negligence would not have been one of the proximate causes of the plaintiff's injury. *Bagwell v. R. R.,* 167 N. C., 615. But if any degree, however small, of the causal negligence, or that without which the injury would not have occurred, be attributable to the defendant, then the plaintiff, in the absence of any contributory negligence on his part, would be entitled to recover; because the defendant cannot be excused from liability unless the total causal negligence, or proximate cause, be attributable to another or others.` "When two efficient proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes, he is liable." *Wood v. Public Service Corp., supra,* and cases there cited.

There is no contention that the negligence of McQuay, the driver of the Ford car, is in any way imputable to the plaintiff, who, at the time, occupied the position of a passenger in said car. In a number of cases it is stated, as a general rule, that the negligence of the driver of an automobile will not be imputed to one who is a passenger therein, unless such passenger be the owner of the car, or unless he exercise some kind of control or authority over the driver. This position has been approved by us in a number of decisions, and is undoubtedly the prevailing view. *Pusey v. R. R.,* 181 N. C., 137, and cases there cited; 2 R. C. L., 1207.

The defendant relies upon its exception to the following portion of his Honor's charge: "If the plaintiff has satisfied you by the greater weight of the evidence that the defendant was negligent, as I have attempted to apply the rules of law, as the court observes it from the evidence in this case, you will answer the first issue 'Yes.' "

This excerpt, standing alone, might appear to be erroneous, but in the very next sentence his Honor continued: "If the plaintiff has failed to · satisfy you that the defendant was negligent, or that, if he was negligent, that it was not a proximate cause of the injury, then you would answer the first issue 'No.' "

In other portions of the charge the court correctly stated the law as bearing upon this point; and when we consider the charge as a whole, as we are required to do, it is clear that the jury could not have been misled by this slight inadvertence. Besides, it was immediately corrected in

the following sentence; and this shows the necessity of examining the charge, not disconnectedly, but as a whole, or at least the whole of what was said regarding any one phase of the case, or law bearing thereon. *Moore v. Lumber Co.,* 175 N. C., 205.

No sufficient reason for disturbing the verdict and judgment having been shown, the exceptions must be overruled; and it is so ordered.

No error.