LIBBY ALBRITTON, ADMINISTRATRIX OF LEO ALBRITTON, v. R. F. HILL.

(Filed 4 November, 1925.)

**1. Negligence—Automobiles—Evidence—Statutes—Nonsuit.**

It is negligence *per se* to drive an automobile upon a public high-way at a speed greater than that permitted by statute, C. S., 2616, 2618, and where in an action to recover damages for the negligent killing of plaintiff's intestate, a voluntary passenger in the car thus driven, a motion as of nonsuit upon such evidence is properly denied.

**2. Same—Passengers.**

In an action to recover damages for the killing of plaintiff's intestate caused by the negligent driving of the defendant of his automobile in which the intestate was a passenger, concurring with the negligence of the Highway Commission in leaving a road it was having constructed at night without a light or other signal of danger, these allegations of the complaint distinctly made are sufficient to sustain an action against the driver of the automobile.

**3. Same—Proximate Cause—Concurring Causes.**

Where two proximate causes arising from negligence contribute to an injury, and one of them is attributable to the defendant in an action for damages for the negligent killing of plaintiff's intestate, the defendant is liable if his negligent act brought about one of these causes.

**4. Same—Common Enterprise.**

The negligent driving of the owner of the car or his agent, is not attributable to a passenger therein who has no authority over him or control over the car or the manner in which it was being driven at the time his injury was caused, the subject of his action for damages, nor will the principles of law applicable to those engaged in a common purpose apply from the fact that the injured party and the driver of the car were riding together to the same destination.

APPEAL by defendant from *Lyon, J.,* at February Special Term, 1925, of WAYNE.

A demurrer filed by the Wayne Highway Commission, formerly a party defendant, was sustained, and the action was prosecuted against the defendant Hill. The jury found that the plaintiff's intestate, was injured and killed by the negligence of the defendant, and assessed damages. Judgment for plaintiff; exception and appeal by defendant.

*Sutton & Greene, D. H. Bland and Douglass & Douglass for plaintiff.*
*Langston, Allen & Taylor and Rouse & Rouse for defendant.*

ADAMS, J. On 15 April, 1920, at 7 p. m., the defendant and five others, including the deceased, left Raleigh on their return to Kinston. They were traveling in a Winton car driven by the defendant, but according to his testimony owned by his wife. At a place on the highway

about nine miles west of Goldsboro the highway commission had removed a bridge for the purpose of constructing a culvert and had made a detour almost on a line with the public road. In the forenoon of the same day the defendant had driven the car over this detour on his trip to Raleigh. The plaintiff alleged that the defendant operated the car at a dangerous rate of speed and in a reckless, negligent and unlawful manner, and thereby caused it to bound off the highway, turn over and bring about the intestate's injury and death. With respect to the negligence of the highway commission, the plaintiff alleged that it had carelessly left the culvert open and unguarded, and had negligently failed to provide lights or other sufficient warning as to the condition of the road; and further that the unlawful conduct of both defendants, namely, the fast, reckless, dangerous, and unlawful speeding of the car by the defendant, and the negligence of the highway commission in leaving the culvert open and unguarded, was the efficient and proximate cause of the intestate's death. In his answer the defendant denied the material allegations of the complaint and alleged that the deceased at the time of the injury was a voluntary occupant of the car and was as fully informed as the defendant concerning the condition of the culvert, the speed of the car, and other attendant circumstances and uttered no word of warning, caution, or remonstrance; and that in this way the negligence of the deceased contributed to his injury and death.

The defendant first contends that his motion for nonsuit should have been allowed; but we have failed to discover any sufficient cause for dismissing the action. The statute in force at the time of the injury limited the speed of motor vehicles to twenty-five miles an hour (C. S., 2618); but there is evidence for the plaintiff, though contradicted by the defendant, that the defendant was running the car at a reckless rate of speed, one witness saying fifty and another seventy miles an hour, just before the injury occurred. This and other evidence, which we need not set out in detail (C. S., 2616), tended to show a breach of more than one statute. A breach of either is negligence *per se;* the causal relation between the alleged negligence and the injury, being, of course, a question for the jury. *Ledbetter v. English,* 166 N. C., 125; *McNeill v. R. R.,* 167 N. C., 390; *Clark v. Wright, ibid.,* 646; *Zagier v. Express Co.,* 171 N. C., 69; *Dunn v. R. R.,* 174 N. C., 254; *Ridge v. High Point,* 176 N. C., 421; *Newton v. Texas Co.,* 180 N. C., 561; *Graham v. Charlotte,* 186 N. C., 649.

We do not agree with the defendant in saying there is no allegation that the defendant's negligence was the proximate cause of the injury, for there are distinct allegations as to the defendant's negligent acts and as to those of the highway commission. In reference to concurrent negligence we have held that where two proximate causes con-

tribute to an injury, the defendant is liable if his negligent act brought about one of such causes. *Mangum v. R. R.,* 188 N. C., 689; *Hinnant v. Power Co.,* 187 N. C., 288; *White v. Realty Co.,* 182 N. C., 536; *Wood v. Public Corporation,* 174 N. C., 697; *Harton v. Telephone Co.,* 141 N. C., 455. We have also held that negligence on the part of the driver of a car will not ordinarily be imputed to another occupant unless such other occupant is the owner of the car or has some kind of control over the driver. See cases cited in the concurring opinion in *Williams v. R. R.,* 187 N. C., 355. To avoid the effect of this rule the defendant seeks to bring his case within the principle applicable to persons engaged in a joint enterprise. This position raises the direct question whether the deceased and the defendant had embarked upon a common purpose. If they had, the plaintiff would be precluded from recovering. In reference to the question Huddy says:

"In every case it may be said that the parties are engaged in the common enterprise of 'riding,' but that is not sufficient to bring the passenger within the rule. In such a case the passenger may be merely a guest of the driver and will not be charged with the negligence of the driver. The negligence of the driver will not be attributed to the passenger, unless the latter undertakes to or has the right to exercise some control over the movement of the vehicle. In order that there be such a joint undertaking, it is not sufficient merely that the passenger or occupant of the machine indicate to the driver or chauffeur the route he may wish to travel, or the places to which he wishes to go, even though in this respect there exists between them a common enterprise. The circumstances must be such as to show that the occupant and the driver together had such control and direction over the automobile as to be practically in the joint or common possession of it. Parties cannot be said to be engaged in a joint enterprise unless there is a community of interest in the objects or purposes of the undertaking, and an equal right to direct and govern the movement of each other with respect thereto. Each must have some voice and right to be held in its control and management." The Law of Automobiles, 893, and cases cited.

Berry, also, in his work on "Automobiles," after observing that the test in determining the question is whether the persons were jointly operating or controlling the movements of the vehicle, remarks:

"Some common purpose or interest is not to be inferred from the fact that two persons were riding in the same vehicle, one of them driving and managing the same, while the other occupied another seat, passively going wherever the driver saw fit to direct their course. Nor can it be inferred from the fact that the latter accepted the invitation of the former to ride as a matter of simple pleasure or outing.

. Indeed, the fact that one invites and the other accepts a simple invitation of this kind, without suggestion of some common end to be accomplished by their united effort or agency, tends to negative any such relation." P. ·503.

To the same effect is the discussion of the subject by Babbitt in The Law Applied to Motor Vehicles, sec. 1356 *et seq.*

After the examination of R. J. Dawson as a witness for the defendant, Mrs. J. H. Albritton was permitted to testify as to a conversation between herself and Dawson, in which he related the defendant's remark that the car was not registering more than fifty-five miles an hour some time before the injury occurred. So far as we can see the form of the question is unobjectionable and no motion was made to strike out the answer. We apprehend, however, that the conversation was not admitted as substantive evidence against the defendant, but as tending to contradict Dawson. He had previously testified as to the speed of the car and this evidence was admitted as a declaration made in Dawson's presence without his contradiction and with his implied acquiescence. If it had been admitted as substantive evidence against the defendant it would only have tended to show his disregard ·of the statutory limit as to speed; and the defendant himself testified that, while going down the hill, on which there are two curves, and while approaching an abrupt detour, he was traveling at the rate of twenty or twenty-five miles an hour. This was a breach of the statute then in force. C. S., 2616. This exception, therefore, cannot be sustained; and the other exceptions to evidence are obviously untenable and call for no discussion. What we have said disposes, also, of the exception to the Court's refusal to submit an issue as to contributory negligence and of exceptions eleven and twelve which are addressed to instructions in reference to the proximate cause of the injury and death. We find

No error.