JOHN EARWOOD, Administrator of GORDON EARWOOD, v. SOUTHERN RAILWAY COMPANY et al.

(Filed 27 May, 1926.)

1. Carriers—Railroads—Negligence—Evidence—Grade Crossings—Signals.

    The running of a railroad train at an excessive speed across a public road grade crossing of a town without timely warning by blowing the whistle of the locomotive, is evidence of its actionable negligence in an action by a passenger in an automobile against the company, or by his administrator for his wrongful death.

2. Negligence—Automobile Passenger.

    The negligence of the driver of an automobile is not attributable to a mere passenger who is not engaged with him in a common enterprise, and who has no control over the operation of the automobile.

**3. Same—Carriers—Railroads—Grade Crossings—Evidence —Proximate Cause—Questions for Jury.**

When a passenger in an automobile is killed in a collision at a public highway grade crossing of a railroad track in a town, and the negligence of the driver of the automobile is not attributable to him, and there is evidence of negligence on the part of the driver and on the part of the engineer and crew on the railroad company's train, in an action against the railroad company for the wrongful death of the passenger, the issue of the defendant's negligence is for the jury upon the question of the proximate cause.

**4. Negligence—Concurrent Negligence—Proximate Cause.**

In an action against a railroad company for damages for the negligent killing of the plaintiff's intestate, while the defendant is not liable if the independent negligence of another is the sole, efficient, and proximate cause, the defendant is liable if its negligence contributed as the proximate cause to the injury complained of.

ACTION for damages for wrongful death, tried before *Bryson, J.,* at November Term, 1925, of CHEROKEE.

Graham Street in the town of Andrews runs approximately north and south, and intersects the line of the Southern Railway from Asheville to Murphy, at right angles, within the corporate limits of said town of Andrews. On the north side of the railroad right of way and on the east side of Graham Street there was a baseball ground enclosed with a fence ten or twelve feet high. The fence of the baseball park runs parallel with the railroad, and said fence is also parallel with the eastern side of Graham Street.

On Sunday, 28 September, 1924, Albert Wakefield was driving an automobile from the Government Armory, which is situated on the north side of the track of the defendant railway, and going to his dinner. His wife was on the front seat with him, and plaintiff's intestate, Gordon Earwood, was riding with him on the back seat of the car. Wakefield drove the car into Graham Street, and then proceeded along Graham Street south across the track of the defendant. The evidence tended to show that he did not slacken the speed of the car or stop the same before reaching the track of the defendant, but drove straight ahead at a rapid rate of speed upon said track. Defendant's passenger train was then approaching the crossing, and said passenger train struck said automobile, killing all of the occupants thereof.

There was evidence tending to show that Graham Street was a much used street, and that the passenger train of the defendant was negligently operated at the time, in that it approached said crossing ahead of its schedule, running at an unusually rapid rate of speed and without blowing the whistle or ringing the bell or giving any notice whatever of its approach to said crossing. There was much evidence offered

by the defendant to the effect that the whistle was blown, and that the bell was ringing at the time of the collision. There was also strong evidence offered by the defendant by several disinterested witnesses that Wakefield, the driver of said car, approached said crossing at a very rapid and unlawful rate of speed and drove upon said crossing without stopping or in any way slackening the speed of the automobile. There was testimony on behalf of the plaintiff by eye witnesses to the killing that they heard no whistle blow, and that no bell was rung by the defendant, and that they were in a position where they could have heard such signals.

The usual issues of negligence, contributory negligence and damages were submitted to the jury. The jury found that the defendant was guilty of negligence, and that the plaintiff's intestate was not guilty of contributory negligence, and awarded damages in the sum of $7,000.00.
. From judgment upon the verdict the defendant appealed.

*Moody & Moody for plaintiff.*
*Thomas S. Rollins for defendant.*

BROGDEN, J. The crossing in controversy was a grade crossing, and, according to the evidence, one that was much used by the public. It was therefore the duty of the defendant to use due care in giving a timely warning of the approach of its train either by sounding the whistle or ringing the bell at the usual and proper place in order that those approaching or using the crossing could be apprised that the train was at hand. It is established law that failure to perform this duty constitutes negligence. *Edwards v. R. R.*, 132 N. C., 100; *Bagwell v. R. R.*, 167 N. C., 611; *Goff v. R. R.*, 179 N. C., 216; *Pusey v. R. R.*, 181 N. C., 137; *Williams v. R. R.*, 187 N. C., 348.

There was sufficient evidence to be submitted to the jury as to the failure of defendant to give reasonable and timely notice of the approach of the train. The principle of law involved is thus stated in *Perry v. R. R.*, 180 N. C., 290. "It was the duty of the defendant to give reasonable and timely notice of the approach of its train to a public crossing by ringing the bell or blowing the whistle, or by doing both when peculiar conditions demanded it; that a failure to do so is negligence, and that the evidence of witnesses nearby who testify that they do not hear the ringing of the bell or the blowing of the whistle, is evidence that no such signal was given," (citing *Goff v. R. R.*, 179 N. C., 219).

The evidence of the defendant tends to show that Wakefield, the driver of said car, was guilty of gross negligence, but this negligence would not be imputed to plaintiff's intestate, who was a mere guest or

passenger in the car at the time of the collision, because there is no evidence that plaintiff's intestate was engaged in a joint enterprise with the driver, Wakefield, or that he had any control whatever of the car, or that he failed to perform any duty imposed by law upon him as a guest or gratuitous passenger. Therefore, negligence on the part of the driver will not, ordinarily, be imputed to a guest or occupant of an automobile unless such guest or occupant is the owner of the car or has some kind of control of the driver. *Bagwell v. R. R.,* 167 N. C., 611; *White v. Realty Co.,* 182 N. C., 536; *Williams v. R. R.,* 187 N. C., 348; *Albritton v. Hill,* 190 N. C., 429. Of course, if the negligence of the driver is the sole, only, proximate cause of the injury, the injured party could not recover. This rule is not based upon the idea of contributory negligence on the part of the injured party but rather upon the idea that the party causing the injury was not guilty of any negligence, which was the proximate cause thereof. However, in the present case, there was evidence tending to show negligence on the part of the defendant in failing to give reasonable signals as required by law. There was also evidence that the driver of the car was guilty of negligence. Under this aspect of the case the doctrine of concurrent negligence applies, as stated, by *Stacy, J.,* in *White v. Realty Co.,* 182 N. C., 536, as follows: "But if any degree, however small, of the causal negligence, or that without which the injury would not have occurred, be attributable to the defendant, then the plaintiff, in the absence of any contributory negligence on his part, would be entitled to recover; because the defendant cannot be excused from liability unless the total causal negligence, or proximate cause, be attributable to another or others. When two efficient, proximate causes contribute to an injury, if defendant's negligent act brought about one of such causes, he is liable." *Wood v. Public Service Corp.,* 174 N. C., 697; *Hinnant v. Power Co.,* 187 N. C., 288; *Albritton v. Hill,* 190 N. C., 429.

It is too well settled to require debate that the question of the proximate cause of an injury is for the jury. *Newton v. Texas Co.,* 180 N. C., 561; *Albritton v. Hill,* 190 N. C., 429.

The jury, acting upon competent evidence and under an able and exact charge, as to the principles of law involved, has determined the facts in controversy in favor of the plaintiff, and the judgment rendered upon the verdict must be affirmed.

No error.