LEWIS DICKEY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 13 March, 1929.)

1. **Railroads — Operation — Accidents at Crossings—Negligence—Proximate Cause—Ordinances.**

   Where there is evidence in an action against a railroad company tending to show that a freight train was blocking a street of a town in violation of an ordinance forbidding it to do so for more than ten minutes at a time, and that the plaintiff was a guest in a car driven by the owner thereof, and that the car collided with the obstructing train: *Held,* the violation of the ordinance is negligence *per se,* and the question of proximate cause should be submitted to the jury for its determination, and defendant's motion as of nonsuit should be denied. *Western v. R. R.,* 194 N. C., 210, cited and distinguished.

2. **Same—Contributory Negligence—Imputed Negligence—Automobiles— Guests—Railroads.**

   The negligence of the owner driving an automobile at the time of its collision with a railroad train blocking the street of a town in violation

DICKEY *v.* R. R.

of an ordinance is not ordinarily imputed to one riding in the automobile as a mere guest or invitee, but this principle is subject to modification under evidence tending to show that the owner and the guest were engaged in a joint enterprise. *Pusey v. R. R.*, 181 N. C., 137.

**3. Same—Contributory Negligence—Sole Proximate Cause.**

> The plaintiff riding as the guest or mere invitee of the owner driving an automobile at the time of a collision with defendant's freight train standing across the street in violation of a town ordinance may not recover damages against the railroad company when the negligence of the driver of the automobile is the sole cause of the injury in suit.

ADAMS, J., concurs in dissenting opinion.

APPEAL by plaintiff from *Barnhill, J.,* at September Term, 1928, of MARTIN.

Civil action to recover damages for an alleged negligent injury caused by a collision between an automobile in which plaintiff was riding as a guest, and the defendant's train standing across a street in the town of Parmelee in violation of an ordinance of said town.

The evidence tends to show that on the night of 10 March, 1924, plaintiff, as an invited guest, started on an automobile trip with one Frank Donnell, owner and driver of the car, from Robersonville to Greenville to attend a show. At Parmelee, while running about 20 or 25 miles per hour, Donnell ran into a freight train belonging to the defendant, which was standing across the street, and the plaintiff was severely injured. The plaintiff had no control or authority over the automobile, but was a mere invited guest or gratuitous passenger riding therein.

An ordinance of the town of Parmelee making it unlawful for any train or engine to stand on or block any of the street crossings in said town longer than ten minutes at a time, was offered in evidence.

J. L. Gurganus, who had stopped his automobile at the crossing in question, waiting for the train to pass, testified: "We had been there approximately eight or ten minutes when the car struck. I do not know how long the train had been across the crossing before we got there, but it was there when we got there. It was raining and cold. We sat there in the car approximately eight or ten minutes and a light approached the train from the opposite direction and we heard a slam. As we heard the slam, the lights went out."

At the close of plaintiff's evidence, judgment of nonsuit was entered on motion of defendant, from which the plaintiff appeals, assigning error.

*A. R. Dunning, R. L. McMillan and Biggs & Broughton for plaintiff.*
*Harry W. Stubbs and McLean & Rodman for defendant.*

STACY, C. J., after stating the case: Under the principles announced in *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564, *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180, and *Taylor v. Lumber Co.,* 173 N. C., 112, 91 S. E., 719 (on the question of proximate cause), we think the case should have been submitted to the jury.

The conclusion is entirely permissible and the fact readily inferable, viewing the evidence in its most favorable light for the plaintiff, that the defendant's train at the time of the collision was blocking the street in violation of the town ordinance of Parmelee which makes it unlawful for any train or engine to stand on or block any of the street crossings in said town longer than ten minutes at a time.

We have held in a number of cases that it is negligence on the part of defendant to fail to observe a positive safety requirement of the law. *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5; *Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134. And where a failure of this kind is admitted or established, it is ordinarily a question for the jury to determine whether such negligence is the proximate cause of plaintiff's injury. *Stultz v. Thomas,* 182 N. C., 470, 109 S. E., 361. But, of course, if the negligence of the driver and his fault alone were the sole proximate cause of the injury, as distinguished from a proximate cause or one of the proximate causes, then there could be no recovery against the railroad. *Earwood v. R. R., supra.*

*Weston v. R. R.,* 194 N. C., 210, 139 S. E., 237, is distinguishable, for there the suit was by the owner and driver of the car, while here the plaintiff, a mere invited guest with no authority or control over the car, and not its owner, brings the action. Ordinarily, the negligence of the driver, under such circumstances, is not imputable to the guest or passenger. *Williams v. R. R.,* 187 N. C., 348, 121 S. E., 608 (concurring opinion); *Bagwell v. R. R.,* 167 N. C., 611, 83 S. E., 814. But this principle may be subject to modification if it should appear that the occupants of the car were engaged in a joint enterprise. *Pusey v. R. R.,* 181 N. C., 137, 106 S. E., 452.

Reversed.

CONNOR, J., dissenting: I concur in the opinion of the Court that on the trial of this action in the Superior Court there was evidence tending to show a violation by defendant of an ordinance of the town of Parmelee.

This ordinance is as follows: "It is hereby declared a nuisance for a train or engine or any part thereof of a train, to stand on or across, or block any of the street crossings or sidewalk crossings in the town of Parmelee, North Carolina, longer than ten minutes at a time, under a penalty not to exceed five dollars for each and every offense."

It is well settled by our decisions that if the jury shall find from the evidence that defendant violated this ordinance, such violation was negligence *per se*. I understand the court to hold that there was no evidence from which the jury could find that defendant was negligent in any other respect. In this I concur. The ordinance of the Highway Commission requiring that a vehicle or other obstruction left standing in the roadway at night shall be protected by proper lights, is not applicable to a car left standing by a railroad company on a public crossing at night. Defendant's negligence, consisting in its violation of the ordinance of the town of Parmelee, is not actionable, however, unless such negligence was the proximate cause of the collision which resulted in plaintiff's injuries. *Ledbetter v. English,* 166 N. C., 125, 81 S. E., 1066.

It is also well settled by our decisions that ordinarily where defendant's negligence is established by the evidence, the question as to whether such negligence was the proximate cause of the injury, is for the jury. I do not understand, however, that this is always the case. There must be evidence from which the jury may find, or at least from which it may infer a causal relation between the negligence of the defendant and the injury to the plaintiff. Whether or not there is such evidence is a question of law to be determined by the court. Notwithstanding there is evidence of defendant's negligence, if there is no evidence from which the jury may find that such negligence was the proximate cause of the injury, defendant's motion for judgment as of nonsuit under C. S., 567, should be allowed. *Peters v. Tea Co.,* 194 N. C., 172, 138 S. E., 595; *Gillis v. Transit Corp.,* 193 N. C., 346, 137 S. E., 153.

In *Leathers v. Tobacco Co.,* 144 N. C., 330, 57 S. E., 11, it is said by this Court: "While it is true that if there be any dispute regarding the manner in which the injury was sustained, or, if, upon the conceded facts, more than one inference may be fairly drawn, the question (as to whether defendant's negligence was the proximate cause of plaintiff's injury) should be left to the jury, yet it is equally well settled that where there is no dispute as to the facts, and such facts are not capable of supporting more than one inference, it is the duty of the judge to instruct the jury, as a matter of law, whether the injury was the proximate result of the negligence of defendant."

In the instant case, I am unable to see how the violation of the ordinance had any causal relation to the collision between the automobile in which plaintiff was riding, as a guest, and defendant's car which was standing on the crossing. It was not negligence for defendant to leave its car standing on the crossing; it became negligence only after the car had stood there more than ten minutes, in violation of the ordinance. The collision occurred, so far as defendant was concerned,

because its car was standing on the crossing. This was not negligence. The collision did not occur because the car had been standing on the crossing for more than ten minutes, if such was the fact.

The evident purpose of the ordinance was to prohibit the blocking of street crossings by defendant, and thereby prevent its interference with the flow of traffic over said crossings. It was not the purpose of the ordinance to protect travelers on the public streets from injuries resulting from collisions with engines or cars left standing on said crossings.

I think there was no error in the judgment dismissing the action upon defendant's motion for nonsuit. I, therefore, dissent from the decision of the Court reversing the judgment of the Superior Court.

ADAMS, J., concurs in dissenting opinion.