L. W. GODFREY, ADMINISTRATOR, v. QUEEN CITY COACH COMPANY.

(Filed 2 July, 1931.)

1. **Negligence A a: B b—Violation of safety statute is negligence per se and question of proximate cause is ordinarily for jury.**

The violation of a statute intended and designed to prevent injury to persons or property is negligence *per se,* and where such violation is admitted or established the question of proximate cause is ordinarily for the determination of the jury.

2. **Highways B c—Evidence held properly submitted to jury on issues of negligence in exceeding speed limit and proximate cause.**

The evidence in this case tended to show that the car in which the plaintiff's intestate was riding as a guest was thrown across the highway by skidding when the driver thereof put on brakes to attempt to regain his position behind another car upon seeing the defendant's bus approaching around a curve, that the bus was traveling at a greater rate of speed than fifteen miles per hour around the curve and that the driver's view was obstructed by the grade within a distance of two hundred feet; that the defendant's bus collided with the car in which plaintiff's intestate was riding, causing the intestate's death: *Held*, the evidence was properly submitted to the jury on the question of the defendant's negligence in exceeding the speed limit in such circumstances, C. S., 2621(46), N. C. Code, 1927, and the question of whether such negligence, if established, was the proximate cause or one of the proximate causes of the injury.

3. **Highways B k—Bus company's liability for death of guest in another car into which bus collided on highway.**

The administrator of an intestate, killed in a collision between a bus and a car in which the intestate was riding as a guest, may not recover against the bus company if the negligence of the driver of the car was the sole proximate cause of the injury, but he may recover if the negligence of the bus company was the proximate cause or one of the proximate causes of the intestate's death.

APPEAL by defendant from *Sink, Special Judge,* at May Special Term, 1930, and *Cowper, Special Judge,* at January Special Term, 1931. From MECKLENBURG.

Civil action to recover damages for alleged wrongful death caused by collision between an automobile in which plaintiff's intestate was riding and one of defendant's busses.

On Saturday night, 28 December, 1928, plaintiff's intestate was a guest in his brother's Essex automobile going from Charlotte in the direction of Monroe. The defendant's bus was running from Monroe to Charlotte. The night was dark and misty. The road was wet and slippery. The Godfrey car was traveling behind a car driven by one W. E. Kiker and was attempting for the second time to pass the Kiker car near the crest of a hill and near the center of a 55-degree curve, when the lights of the bus were observed at the other end of the curve, 250 or 275 feet away, "not in the highway, but out in the field to the left." The bus was running from 35 to 45 miles an hour. Realizing that he would not be able to execute the pass, the driver of the Godfrey car, plaintiff's intestate's brother, put on his brakes so as again to fall in behind the Kiker car. The sudden application of the brakes caused the Godfrey car to "turn kinder angling to the left, . . . about a 45-degree angle across the highway in front of the approaching bus."

The bus was fully 200 feet away when the Godfrey car skidded across the highway. Looking in the direction the bus was going, "one could

not see any distance ahead on account of the deep curve in the road and the thickly settled houses on the left-hand side."

The driver of the bus was within 35 feet of the Godfrey car before he saw it. He pulled as far to the right as he could and attempted to stop, but was unable to avoid a collision. The front wheel of the bus hit the Godfrey car right at the cowl and jammed it into the embankment on the right-hand side of the road going in the direction of Charlotte (the left-hand side going in the opposite direction). Plaintiff's intestate died a few hours thereafter from injuries sustained in the wreck.

The alleged negligence on the part of the defendant is that of excessive speed, under the circumstances, and failure to keep a proper lookout.

Issues were submitted to the jury at the May Term, 1930, and answered in favor of the plaintiff. The verdict was set aside by the trial court as a matter of law, which order was vacated on appeal. 200 N. C., 41.

Judgment on the verdict was entered at the January Term, 1931, from which the defendant appeals, assigning errors.

*Stewart & Bobbitt for plaintiff.*
*J. Laurence Jones and N. A. Townsend for defendant.*

STACY, C. J. The discretionary power of the Superior Court to set aside the verdict in this case was not invoked, either at the trial term or following the first appeal here. Compare *Allen v. Gooding,* 174 N. C., 271, 93 S. E., 740; *Lancaster v. Bland,* 168 N. C., 377, 84 S. E., 529. The only point presented is the legal sufficiency of the evidence to carry the case to the jury.

The defendant's evidence, standing alone, would seem to bring the case within the decision in *Burke v. Coach Co.,* 198 N. C., 8, 150 S. E., 636. But viewing the plaintiff's evidence with the liberality required on demurrer, we think the question of proximate cause was one for the jury under the principles announced in *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180; *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5; *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564; *Taylor v. Lumber Company,* 173 N. C., 112, 91 S. E., 719.

It is provided by C. S., 2621(46), N. C. Code, 1927, that "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than is reasonable and proper," etc. Then follows an enumeration of certain rates of speed at given places, which, if exceeded, shall be deemed violations of the statute, the one here pertinent being as follows: "Fifteen miles an hour in traversing or going around curves or traversing a grade upon a highway when the driver's view is obstructed within a distance of two hundred feet along such highway in the direction in which he is proceeding." It is also provided in

said section that "no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person." *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669.

The violation of a statute, intended and designed to prevent injury to persons or property, or the failure to observe a positive safety requirement of the law, is, under a uniform line of decisions, negligence *per se. Dickey v. R. R.,* 196 N. C., 726, 147 S. E., 15; *Ledbetter v. English,* 166 N. C., 125, 81 S. E., 1066. And when a violation or failure of this kind is admitted or established, it is ordinarily a question for the jury to determine whether such negligence is the proximate cause of the injury. *Stultz v. Thomas,* 182 N. C., 470, 109 S. E., 361.

Of course, if the negligence of the driver of the Godfrey car were the sole proximate cause of plaintiff's intestate's death, the defendant would not be liable. *Herman v. R. R.,* 197 N. C., 718, 150 S. E., 361. But if the defendant's negligence were the proximate cause, or one of the proximate causes, of plaintiff's intestate's death, then the defendant would be liable. *Wood v. Public Service Corp.,* 174 N. C., 697, 94 S. E., 459. Upon this theory, the case was properly submitted to the jury. The verdict and judgment will be upheld.

No error.