# Wytheville

HOWARD BAISE v. FITZHUGH LEE WARREN.

June 16, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Harris, Harvey & Brown,* for the plaintiff in error.

*Hugh T. Williams* and *Ida Mandle,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought in the Corporation Court of the city of Danville, by the plaintiff, Fitzhugh Lee Warren, against the defendant, Howard Baise, to recover damages for injuries inflicted upon plaintiff as a result of the alleged negligence of the defendant. In the trial court there was a verdict and judgment in favor of plaintiff in the sum of $3,000.00, and the defendant is here upon a writ of error granted by a justice of this court.

On the afternoon of the 27th of September, 1930, defendant was driving his automobile, a roadster which had been converted into a light delivery truck, along highway No. 53 in Harnett county, North Carolina. In consideration of services rendered by the plaintiff to the defendant at Fairmount, North Carolina, the defendant undertook the transportation of the plaintiff to Danville, Virginia, the domicile of defendant. The day was clear and the highway they were traversing (running north and south), was wide

and somewhat hilly. Defendant was proceeding in a northerly direction when he reached an intersecting road which runs east and west, the view of which, to the right, was obstructed by a filling station and store located in the corner formed by the intersection of the two roads. Along this latter route a Mrs. Webster was proceeding in an automobile in a westerly direction. When the cars reached the point of intersection there was a collision, and plaintiff, who occupied a seat upon the right of defendant, was severely injured. There is no dispute of the fact that the point of intersection was plainly indicated by a highway sign marked "Cross Roads." The rate of speed at which defendant was running at the moment of impact was estimated by plaintiff at a "pretty good gait, forty or fifty miles an hour;" by other witnesses, at thirty or forty miles per hour; by defendant himself, at twenty or twenty-five miles an hour.

In the notice of motion plaintiff bases his cause of action on the ground that at the time of the accident the defendant was driving his automobile carelessly, improperly, unlawfully and negligently, and in specific violation of section 2616 of the Consolidated Statutes of North Carolina.

The defendant, in addition to the plea of the general issue, relied on the defense that he was not guilty of any negligence whatsoever which was the proximate cause of the accident, and that the accident resulted wholly from the negligence of Mrs. Webster.

The errors assigned are that the court erred in refusing to strike out the plaintiff's evidence, in refusing to set aside the verdict, in refusing to enter judgment for the defendant and in giving and refusing instructions.

■■ The cause of action having arisen in the State of North Carolina, while the defendant is being proceeded against in Virginia, of which State he is a citizen, the first question to be considered is whether the law of North Carolina or that of Virginia is to be applied in determining the

mutual rights of the litigants. The text-books and decisions are replete with discussions of the applicability of the *lex fori* and the *lex loci* in a given case and there is a marked conflict of opinion on the subject. The best rule seems to be that the rights of the parties with respect to their causes of action are governed by the *lex loci*, while the admissibility of evidence and the enforcement of those rights are governed by the *lex fori*.

In R. C. L., volume 5, page 917, we read: "The broad, uncontroverted rule is that the *lex loci* will govern as to all matters going to the basis of the right of action itself, while the *lex fori* controls all that is connected merely with the remedy." We are, therefore, of opinion that the law of North Carolina governs plaintiff's right of recovery.

The Consolidated Statutes of North Carolina (section 2618, as amended by Pub. Laws 1925, chapter 272, section 1 and section 2616), among other things, provide as follows:

"Section 2618. No person shall operate a motor vehicle upon the public highways of this State recklessly or at a rate of speed greater than is reasonable and proper having regard to the width, traffic and use of the highway, or so as to endanger the property or the life or limb of any person; provided that no person shall operate a motor vehicle on any public highway, road or street of this State at a rate of speed in excess of   *   *   *

"(D)   Fifteen miles per hour in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last 100 feet of his approach to such intersection he does not have a clear and uninterrupted view upon all of the highways entering such intersection for a distance of 200 feet from such intersection."

"Section 2616.   *   *   *   upon approaching an intersecting highway or a curve, or a corner in a highway where the operator's view is obstructed, every person operating a

motor vehicle shall slow down and give a timely signal with his bell, horn, or other device for signaling. Upon approaching an intersecting highway, a bridge, dam, sharp curve, or deep descent, and also in traversing such intersecting highway, bridge, dam, curve, or descent, a person operating a motor vehicle shall have it under control and operate it at such speed, not to exceed ten miles an hour, having regard to the traffic then on such highway and the safety of the public." Section 2616.

The statute was introduced in evidence and properly proved by expert testimony. The construction of the statute by the Carolina Supreme Court was also proved.

In *Stultz* v. *Thomas*, 182 N. C. 470, 109 S. E. 361, 362, we read:

"A failure to discharge an affirmative duty imposed by law has been held by us in a number of cases to constitute an act of negligence *per se* (*Taylor* v. *Stewart*, 172 N. C. 203, 90 S. E. 134); and where such conduct on the part of the defendant has been shown or established, it is a question for the jury to say whether or not such negligence is the proximate cause of the plaintiff's injury  *  *  *.  In fact, a breach of a legal duty, or a duty imposed by law, comes within the very definition of negligence, and if such be the proximate cause of an injury, it constitutes actionable negligence."

In *Goss* v. *Williams*, 196 N. C. 213, 145 S. E. 169, 173, that court approved the following charge to the jury:

"You are instructed that if a driver of a motor vehicle traverses intersecting highways at a rate of speed greater than fifteen miles per hour, he does so in violation of the law and in such case would be guilty of negligence *per se*. You are instructed that the driver's view is obstructed at intersecting highways when at any time during the last 100 feet of his approach to such intersection he does not have a clear, uninterrupted view upon all of the highways entering

such intersection for a distance of 200 feet from such intersection."

In *King* v. *Pope,* decided April 6, 1932, and reported in 202 N. C. 554, 163 S. E. 447, 449, the Carolina court, again construing the statute here under review, said:

"In *Godfrey* v. *Coach Co.,* 201 N. C. at page 267, 159 S. E. 412, 413, speaking to the subject, we find: 'The violation of a statute, intended and designed to prevent injury to persons or property, or the failure to preserve a positive safety requirement of the law, is, under a uniform line of decisions, negligence *per se. Dickey* v. *R. R.,* 196 N. C. 726, 147 S. E. 15; *Ledbetter* v. *English,* 166 N. C. 125, 81 S. E. 1066. And when a violation or failure of this kind is admitted or established, it is ordinarily a question for the jury to determine whether such negligence is the proximate cause of the injury. *Stultz* v. *Thomas,* 182 N. C. 470, 109 S. E. 361.' "

That the proof adduced by the plaintiff clearly establishes that defendant violated the statute is beyond cavil. It appears that the intersecting road was obstructed and that defendant did not have a clear and uninterrupted view upon all the highways entering such intersection; that defendant failed to regard the statutory provisions requiring the giving of timely signals upon approaching the intersection; that defendant was operating his automobile at a rate of speed in excess of the statutory limitation. The defendant's admission that he was running at a speed of twenty or twenty-five miles per hour when he entered the intersection convicts him of negligence under the statute and decisions of the Carolina court.

The violation of the statute having been conclusively proved, the question of proximate or concurrent cause was properly submitted to the jury. Whether the negligence of the defendant was the proximate cause of the accident or whether his negligence was a concurring cause, the result is

the same. "When the negligence of two or more persons concurs in producing a single indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concert of action." *Walton, Witten & Graham* v. *Miller,* 109 Va. 210, 63 S. E. 458, 460, 132 Am. St. Rep. 908, *Lavenstein* v. *Maile,* 146 Va. 795, 132 S. E. 844. The jury on a conflict of evidence concluded that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, and their verdict must stand.

We are further of opinion that the instructions given the jury fully and fairly covered the law of the case, and the action of the court in refusing certain instructions tendered by the defendant is without error.

*Affirmed*