PEARL GILLIS, BY HER NEXT FRIEND, v. TRANSIT CORPORATION OF NORFOLK.

(Filed 16 March, 1927.)

1. **Pleadings—Negligence.**

    Where damages are sought in an action on the ground of defendant's negligence, the fact of negligence must be so specifically alleged as to afford the defendant opportunity to reply, and a broad allegation of negligence is insufficient.

2. **Negligence—Automobiles—Highways—Violation of Statutes—Causal Connection—Negligence Per Se.**

    While it may be negligence *per se* to drive an auto-vehicle on the wrong side of a public highway, and at a speed prohibited by statute (Public Laws 1924, Extra Session, ch. 61, sec. a), the negligence to be actionable must have a causal connection with the injury inflicted.

**3. Same—Accident—Defense—Proximate Cause.**

Where a defense in an action to recover damages for the defendant's negligence is that the injury in suit was attributable to an accident, any negligence on the part of the defendant which was the proximate cause of the injury, will overthrow the defense set up.

**4. Negligence—Automobiles—Statutes—Rules of the Road—Instructions —Substantial Compliance—Appeal and Error.**

An instruction as to the requirements of motor vehicles passing to the right of others met upon the public highways need not be in the exact language of our statute, Public-Local Laws of 1924, Extra Session, ch. 61, sec. a, if when considered in connection with allegations of the complaint and evidence, it is in substantial compliance therewith.

**5. Damages—Negligence—Instructions—Minority—Parent and Child— Appeal and Error.**

An instruction as to the amount of compensatory damages past, present and prospective, the plaintiff is entitled to recover, caused by the defendant's negligence, is erroneous that does not take into consideration the minority of the plaintiff, suing by her next friend, without evidence of the parent's emancipation of the child.

APPEAL by defendant from *Ward, Special Judge,* at October Term, 1926, of HALIFAX.

*George C. Green for plaintiff.*
*John W. Hester and Travis & Travis for defendants.*

ADAMS, J. The plaintiff brought suit to recover damages for personal injury alleged to have been caused by the negligence of the defendant. She introduced evidence tending to show that about 8 p.m. on 12 June, 1926, she was going from Halifax to Weldon in a Dodge sedan owned by her father and driven by another; that her father and her brother were on the front seat with the driver and that she, Mrs. Marks, and two others occupied the seat in the rear; that the car passed over a bridge and came to a stop on the right side of the road; and that the defendant's bus, moving in the opposite direction, came round the curve at the rate of forty or forty-five miles an hour, struck the car, hurled it against the bridge, and injured the plaintiff.

There was evidence for the defendant tending to show that the speed of the bus, when approaching the bridge, did not exceed fifteen miles an hour; that the driver had the bus under control, gave the usual signals and observed due care; that the sedan came down the opposite hill very rapidly, ran upon the bridge "more than midway the road," lurched, swerved toward the other side, and caused the collision.

There was no plea of contributory negligence, and the two issues of negligence and compensatory damages were answered in favor of the plaintiff, for whom judgment was accordingly given.

With respect to negligence the allegations are these: (1) "When the car in which the plaintiff was riding had crossed the second branch between Weldon and Halifax, known as Dry Pond Branch, the car stopped on the extreme right-hand side of the highway to await the passing of the bus of the defendant, which was approaching at a rapid and unlawful rate of speed, to wit, between 40 and 45 miles per hour; (2) that the defendant's bus was being driven at an unlawful rate of speed and was negligently, wantonly and recklessly driven into the car in which the plaintiff was riding, wrecking the car and injuring the plaintiff; (3) that the defendant was guilty of gross, wilful, criminal and wanton negligence and was utterly and criminally indifferent to the rights of the plaintiff."

An allegation of negligence must be sufficiently specific to give information of the particular acts complained of; a general allegation without such particularity does not set out the nature of the plaintiff's demand sufficiently to enable the defendant to prepare his defense. *Conley v. R. R.,* 109 N. C., 692; *Lassiter v. Roper,* 114 N. C., 17. Under this principle the only specific allegations of negligence are that the bus was driven at an unlawful rate of speed and on the wrong side of the road at the time of the collision. As to the latter allegation this instruction was given the jury: "If a person in operating a motor vehicle hits another car or person to the left of the center of the road in the direction he is going, that of itself is negligence, irrespective of the speed of the car." The appellant excepted. The instruction was not given in the terms of the statute, but when considered in connection with the allegations and the evidence, we cannot say that it constitutes reversible error. The amended statute is: "That all operators of motor vehicles on the public roads, in meeting a motor vehicle in operation, shall pass on the right of the road in such a manner that all said vehicles, and the load thereof, shall be on the right of the center of the road." Public Laws 1924, Extra Session, ch. 61, sec. a. The breach of a statute is negligence *per se,* but there must be a causal connection between the disregard of the statute and the injury inflicted. *Ledbetter v. English,* 166 N. C., 125. After giving the foregoing instruction and referring to the statute regulating the rate of speed, the judge properly instructed the jury as to negligence in each respect and applied the doctrine of proximate cause to each phase of the alleged negligence.

The eighth exception is without merit. The first part of the instruction to which it is addressed has reference to the question whether the collision was an accident, and lays down the implied proposition that it was not an accident if the defendant was negligent in any particular, which is correct; and the second part is addressed to the sole negligence

of the driver of the Dodge car. If the collision was due solely to his negligence, of course it was not due to any negligence on the part of the defendant. So with respect to exceptions 15½ and 17.

The appellant says the trial court failed to tell the jury that in order to recover the plaintiff must prove the particular acts of negligence set out in the complaint; but the evidence points only to the two phases alleged in the complaint, and we do not see that the jury could have been misled in this respect. Besides, the issue was confined to "the negligence of the defendant as alleged in the complaint." The instruction concerning "any degree of causal negligence" is sustained in *Earwood v. R. R.,* 192 N. C., 27, and *White v. Realty Co.,* 182 N. C., 536.

The appellant complains that the jury was not instructed to answer the issue as to negligence in the negative unless it was found that the sedan had stopped on the right hand side of the road and was struck by the bus while in that position. There was evidence tending to show that the car had stopped, also that it was slowly moving; and paragraphs 3 and 4 of the complaint are sufficient to cover these two phases of the evidence. The instruction was therefore properly refused.

There was error, however, in the instruction as to the measure of damages. At the trial two other suits were tried with the one now under consideration, one being that of Jennie S. Marks. The instruction complained of was as follows: "The measure of damages which I will lay down to you controls the second issue (as to the compensatory damages of Mrs. Marks) and the fifth issue (as to the compensatory damages of the plaintiff), because the measure of damages is the same in each case. If either of these plaintiffs is entitled to recover at all she is entitled to recover one compensation in a lump sum for all damages, past and prospective, which are the immediate results of the negligence of the defendant. These are said to embrace loss of bodily or mental powers, suffering both body and mind, decreased capacity for labor, loss of time, medical expenses, and nursing expenses."

The plaintiff is a minor, and there is no evidence of her emancipation, but the jury was permitted to consider as an element of damages for the injury suffered both her loss of time and her diminished earning capacity during her minority. A statement of the opposite principle with citation of authorities is given in *Shipp v. Stage Lines,* 192 N. C., 475. For this error there must be a

New trial.