MRS. RUTH PETERS ET AL. v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY ET AL.

(Filed 25 June, 1927.)

1. **Master and Servant—Employer and Employee—Negligence—Evidence —Nonsuit.**

Evidence tending only to show that the plaintiff was an employee of defendant corporation in charge of a store in defendant's chain thereof in a city, and that defendant's assistant superintendent at that place, as a matter of accommodation, invited the plaintiff employee and his wife to ride to their home with him in an automobile furnished him by the defendant corporation for the performance of his duties: *Held,* the defendant is not liable in damages for the negligent driving by its superintendent which caused the damages alleged to have been received by the plaintiff and his wife, the subject of the action.

**2. Negligence—Municipal Corporations—Ordinances—License—Permit to Drive—Evidence—Instructions—Proximate Cause.**

One driving an automobile in a city in violation of its ordinance requiring a driver's license is not liable in damages to one riding with him for his negligence in not avoiding a collision, unless the failure to have the license is the proximate cause of the resultant injury, and where there is no evidence thereof, an instruction of the court involving this phase of liability is error.

APPEAL by defendants, the Great A. & P. Tea Company and Chas. H. Baucom, from *Lyon, J.*, at October Special Term, 1926, of MECKLEN-BURG. Reversed in appeal of the Great A. & P. Tea Company; new trial in appeal of Chas. H. Baucom.

Two actions to recover damages for personal injuries resulting from a collision between two automobiles at the intersection of two streets in the city of Charlotte—one by Mrs. Ruth Peters and the other by W. T. Peters—instituted against defendants, the Great A. & P. Tea Company, Chas. H. Baucom and Hugh Puckett, both arising out of the same transaction, and involving the same allegations, were by consent of all parties thereto consolidated for trial and judgment. Defendant, Hugh Puckett, denied the allegations of the complaints upon which plaintiffs seek to recover judgment against him, and set up a cross-action against his codefendants in which he demands judgment against them for damages resulting from injury to his automobile.

Issues submitted to the jury were answered in accordance with the contentions of plaintiffs and of defendant Hugh Puckett. Judgments were rendered upon the verdict (1) that plaintiff, Mrs. Ruth Peters, recover of defendants, the Great A. & P. Tea Company and Chas. H. Baucom the sum of $35,000; (2) that plaintiff, W. T. Peters, recover of said defendants the sum of $5,000; and (3) that defendant, Hugh Puckett, recover of his codefendants the sum of $167.64.

From these judgments defendants, the Great A. & P. Tea Company and Chas. H. Baucom, appealed to the Supreme Court.

*J. L. Delaney and Stancill & Davis for plaintiffs.*

*T. L. Kirkpatrick, Taliaferro & Clarkson and Thomas C. Guthrie for defendants.*

CONNOR, J. Upon its appeal to this Court defendant, the Great A. & P. Tea Company, relies chiefly upon its assignment of error based upon its exception to the refusal of the court to allow its motion for judgment as of nonsuit at the close of all the evidence. C. S., 567. The liability of this defendant for damages sustained by both plaintiffs and defendant, Hugh Puckett, must be determined in the first instance by

whether or not there was evidence sufficient to be submitted to the jury tending to show that at the time of the collision Chas. H. Baucom, assistant superintendent of said defendant, was acting within the scope of his employment in driving the automobile in which plaintiffs were riding and with which defendant Puckett's automobile collided. This defendant is not liable for said damages, although caused by the negligence of its employee, Chas. H. Baucom, while driving its automobile, unless said employee was at the time of such negligence acting within the scope of his employment. As said by *Brogden, J.,* in his opinion written for this Court in *Grier v. Grier,* 192 N. C., 760, the general principles of law governing such cases as this are well established. The chief difficulty encountered is in applying these general principles to the facts of particular cases.

The allegations of the complaints herein, and also of the answer of defendant, Hugh Puckett, setting up his cross-action against his codefendant, are as follows:

"4. That the defendant, Chas. H. Baucom, is a citizen of the State of North Carolina, residing in the city of Charlotte, and was at the time and place hereinafter mentioned assistant district superintendent of the defendant, the Great Atlantic & Pacific Tea Company, and as such had in his charge and was operating a certain Ford automobile owned and furnished him by the defendant, the Great Atlantic and Pacific Tea Company, to use in connection with his duties as assistant district superintendent, and at the time hereinafter mentioned was operating said automobile with full knowledge, consent and approval of the defendant Tea Company."

Answering these allegations defendants, the Great Atlantic and Pacific Tea Company and Chas. H. Baucom, say:

"The defendant, Chas. H. Baucom, admits so much thereof as alleges that he is a citizen of the city of Charlotte, county and State aforesaid, and was at the time and place hereinafter mentioned assistant district manager of the Great Atlantic and Pacific Tea Company; the said Chas. H. Baucom admits that at the times herein complained of he was operating a Ford automobile belonging to his codefendant, the Great Atlantic and Pacific Tea Company. Each and every other allegation therein contained are untrue and denied, the defendants Chas. H. Baucom and the Great Atlantic and Pacific Tea Company alleging the truth to be as hereafter set out."

These defendants in their further defense to any recovery against them or either of them say:

"1. That the defendant, the Great Atlantic and Pacific Tea Company, operates a chain of stores in the city of Charlotte, county and State aforesaid, and the defendant, Chas. H. Baucom, was employed by the

said defendant, the Great Atlantic and Pacific Tea Company, having charge of one or more of its stores in said city, and that W. T. Peters was an employee of said defendant, the Great Atlantic and Pacific Tea Company, and was employed as a clerk therein at the time herein mentioned, and that Mrs. Ruth Peters, the plaintiff herein named, and the wife of the said W. T. Peters, on the night in question was in defendant's store with her said husband, waiting until the said W. T. Peters had concluded his day's employment, and that about the hour of 11:20 p.m. the defendant, Chas. H. Baucom, went by the store of the Great Atlantic and Pacific Tea Company, where the said W. T. Peters was engaged, and offered out of the generosity of his heart and the goodness of his nature to allow the said W. T. Peters and his wife, Mrs. Ruth Peters, the plaintiff herein named, to ride with him in his said machine as far as their home in the said city of Charlotte.

"2. That the defendant, the Great Atlantic and Pacific Tea Company, had not authorized or directed the said Chas. H. Baucom to extend this courtesy as aforesaid to the said plaintiff and her husband, and that in extending the courtesy herein mentioned, permitting the said plaintiff and her husband to ride in said car, was not in direct line of the duty of the defendant, Chas. H. Baucom, and has not the approval of the defendant, the Great Atlantic and Pacific Tea Company, and at the time the said defendant, Chas. H. Baucom, drove said car the said Chas. H. Baucom was not in the regular line or lines of his duty for the Great Atlantic and Pacific Tea Company, and was not performing or doing the duties for which he was hired or then employed, but that the defendant, the Great Atlantic and Pacific Tea Company, had no knowledge, expressed or implied, of the acts of said Chas. H. Baucom, had not assented thereto, expressly or impliedly, and had not knowledge and did not give its consent for the said Chas. H. Baucom to be conveying the said Mrs. Ruth Peters or her husband in its automobile."

As pertinent to the question involved in the issue thus raised by the pleadings, plaintiffs offered evidence as follows:

W. T. Peters, one of the plaintiffs, testified as follows: "In June, 1925, I was living on Central Avenue, in the city of Charlotte. I worked at that time for the defendant, the Great Atlantic and Pacific Tea Company, at its store located on South Torrence Street. I know the defendant Chas. H. Baucom. At the time of the accident he was assistant supervisor over me for the defendant Tea Company. He checked up the stores to see the amount of business we were doing; talked to us about how to get the business, and came around every day to get the money to take it to the bank. He came around to the store I was in. The defendant Tea Company had between twenty-five and thirty stores in Charlotte at that time. On the night of 27 June, 1925,

which was Saturday night, I was working at the Tea Company's store on South Torrence Street. Mr. Baucom came to this store around ten o'clock, closing time, that night; he came there to show me about the day's work, and some things about the business that had not been shown to me before. After we closed the store we went over the books thoroughly; he showed me about the things I did not know. I was a new man in the store. He came there around ten o'clock and stayed there until 11:20. He was traveling in a Ford roadster, which was the property of the defendant Tea Company. This car was used by the defendant Tea Company for the purpose of checking up on the stores. The Tea Company had owned this particular car for some time. Mr. Rankin was the supervisor before Mr. Baucom. Mr. Rankin used this car before he was transferred to Asheville; it was afterwards used by Mr. Baucom. I am not positive about where the car was kept.

"After I had closed the store we, Mr. Baucom and our wives, started home. I had two bags of groceries—our week's supply—which I was taking home. Mrs. Baucom was with Mr. Baucom, and they asked us to let them take us—my wife and me—home. I said, 'No, we only live a short way, and can walk. We have so many groceries here, and it will take up too much room in the car.' They insisted, and we got in the car, which was a Ford roadster. Mr. Baucom was driving; his wife was next to him, and then my wife, and I was back on the running board, holding on to the top, on the right hand side of the car."

On cross-examination this witness testified further: "I had been at the Torrence Street store about two weeks before the accident; the night of the accident was my second Saturday night there. It was my duty at the end of each week to make up a written report and forward it direct to Richmond, showing all cash receipts and disbursements of the business for the week. I did not report to Mr. Baucom. It was my duty to make the report. No one had shown me about the books, and I asked Mr. Baucom if he would mind going over the books with me. I told him that Saturday morning when he was at the store that I could not make out the report, and that he would have to show me. He came back to the store that night and helped me with the report. We left the store about 11:20. I had locked the door, and my wife was sitting there waiting for me to go along with her. She had come to the store about 7 o'clock p.m., and stayed until closing time. She was not employed by the defendant Tea Company. She helped me about the store. Defendant company did not pay her anything; she was just there, out of the generosity of her heart, helping me. Mr. Baucom insisted upon taking us home. He said that it would not inconvenience him. I do not know where he lived."

Mrs. Ruth Peters, one of the plaintiffs, testified as follows: "On Saturday night, 27 June, 1925, the night of the collision, I was with my husband, W. T. Peters, at the store of defendant Tea Company on Torrence Street. I was helping him. He was in the habit of closing the store on Saturday night at 10 o'clock. On this night he closed at 11:15. The reason he closed later than usual was that Mr. Baucom came out there to help with the books. They went over the books and left the store about fifteen or twenty minutes after 11 o'clock. It was our custom to buy enough groceries Saturday night for the coming week. We got the groceries after Mr. Peters finished with Mr. Baucom. Mr. Peters locked up the store and we went outside. As we started up the street Mr. Baucom asked us to go home with him in his car. He had a small Ford roadster, and his wife was with him. We thought it would be too crowded in the car, and as we were accustomed to walk home through the park, we at first declined. He insisted that we ride with him, so we all got in. Mr. Baucom was driving the car in the direction of our home."

Chas. H. Baucom, one of the defendants, testified as follows: "At the time of the accident I was working for the defendant Tea Company, in the position of assistant superintendent. The manager of the defendant company's store on Torrence Street was W. T. Peters; his duties were to run the store; he was in charge of the store, and was to sell merchandise and make up his reports. He was held responsible for the store, and mailed his reports direct to the head office at Richmond. It was no part of my duty to make his reports. I collected all of his money at different times during the day preceding the night of the accident, and deposited it in bank. At my last collection Mr. Peters asked me to come by and help him with his books; that was not part of my duty. I went there that night, accompanied by my wife. I showed Mr. Peters how to make up his reports. He closed the store about 11 o'clock. Mr. and Mrs. Peters had some bundles. At their request I consented to take them home in my car. They got in the car and I turned around to go toward Cecil Street."

On cross-examination this witness testified as follows: "My position was assistant supervisor. I had been working for defendant company eight or nine years. My duties were to make collections daily, and twice on Saturday deposit the money in bank, see that the stores were kept clean and run correctly. I had supervision of ten stores in Charlotte. I took an inventory of each store once a month. I went to these stores once every day in a Ford automobile furnished by defendant Tea Company. The car was kept at my home, 215 Vail Avenue. I used it in going to and coming from my home to my business and in carrying on my business every day.

12—194

"I went to the store on Torrence Street every day for the purpose of inspecting the store and the day's work. I did not go there that night for that purpose. I had finished my work that Saturday at 8.30 p.m. It was not my duty to check up Peters because he was a new man. I did not check up his reports. He was supposed to know how to make them out. I went to the store that night about 10 o'clock because he asked me to do so. I told Mr. and Mrs. Peters that I could take them home; they said they did not have any way to get their groceries home. I said, 'I guess I can take you home.'"

There was a collision between the automobile driven by defendant, Chas. H. Baucom, in which plaintiffs, W. T. Peters and his wife, Mrs. Ruth Peters, were riding, and the automobile driven by defendant, Hugh Puckett, at the intersection of Elizabeth Avenue and Cecil Street, resulting in serious injury to both Mr. and Mrs. Peters and in injury to Puckett's automobile. The jury has found upon conflicting evidence that this collision was caused by the negligence of Chas. H. Baucom.

Upon a careful consideration of the foregoing evidence, which is all the evidence set out in the case on appeal, pertinent to the question as to whether defendant, the Great A. & P. Tea Company is liable to plaintiffs for damages resulting from their injuries, or to Puckett for damages resulting from injury to his automobile, we are of the opinion that there was error in refusing the motion of defendant, the Great A. & P. Tea Company, for judgment as of nonsuit, at the close of all the evidence.

The principles of law, under the decisions of this Court, applicable to the facts which the evidence in this case tends to establish, have been recently stated in the opinion written by *Brogden, J.,* in *Grier v. Grier,* 192 N. C., 760. Upon the authority of that case the assignment of error of defendant, the Great A. & P. Tea Company, based upon its exception to the refusal of its motion for judgment as of nonsuit must be sustained. The decision in *Fleming v. Holleman et al.,* 190 N. C., 449, is not controlling in this case. In that case it was admitted in the answer of the defendants, that the agent and employee of the owner of the car, at the time of the injury was engaged in the operation of the car for and in behalf of his employer, the defendant, Armour & Company, and with its knowledge, consent and approval. There is no evidence in this case tending to show that defendant, Chas. H. Baucom, employee of his codefendant, the Great A. & P. Tea Company, was acting within the scope of his employment by said company, while driving its automobile, at the time of the collision with the automobile driven by defendant, Hugh Puckett.

The judgments as to defendant, the Great A. & P. Tea Company, are reversed. As to this defendant the action of plaintiffs, and the cross-action of defendant, Hugh Puckett, are dismissed.

On 27 June, 1925, the date of the collision, the following ordinance was in force and effect:

"It shall be unlawful for any person to operate a motor vehicle upon the streets of said city without a license or permit from the board of commissioners, said license or permit to be issued subject to regulations herein set out. Upon written application to said board of commissioners, as herein set out and obtaining said license or permit, the holder thereof must carry same with him at all times subject to inspection at all times upon request. This section shall not apply to nonresidents remaining in the city for a period of not more than two weeks."

There was evidence tending to show that defendant, Chas. H. Baucom, had no license or permit to drive a motor vehicle on the streets of the city of Charlotte on the date of the collision, as required by this ordinance.

The court instructed the jury upon the issues involving liability of defendants to Mrs. Ruth Peters, as follows: "Now if you find that Baucom was operating the car without any permit, without any city license, on one of the public streets of the city of Charlotte, that would make him guilty of negligence, but that would not entitle the plaintiff to have you answer that issue 'Yes,' unless you go further and find that at the time of the occurrence he was acting in the scope of his authority for the defendant Tea Company and that such negligence on his part was the proximate cause of the injury complained of, and if you so find, it would be your duty to answer the first issue 'Yes.'"

The first issue was with respect to the negligence of defendant, the Great A. & P. Tea Company, as the cause of the injuries complained of.

The second issue was with respect to the negligence of defendant, Chas. H. Baucom, as the cause of said injuries.

The court further instructed the jury as follows: "Now if you find from the evidence that he was guilty of negligence, not having a permit to operate this car, not having a license on the car, and that he drove his car into the intersection of Cecil Street and Elizabeth Avenue, and that he did not keep a proper lookout, that he was negligent in handling this car; that he did not stop when he saw a car approaching from his right until the car got so close to him that he attempted to swerve, and that he was not acting in such a way as an ordinarily prudent man would have under the circumstances, it would be your duty to answer that issue 'Yes,' if you find such negligence on his part was the proximate cause of her injury, which I have explained."

The court further instructed the jury as follows: "The same charge I have given you as to negligence of the three defendants, the Tea Company, Baucom and Puckett, applies to the issues in the W. T. Peters case."

In the opinion in *Gillis v. Transit Corp.,* 193 N. C., 346, written by *Adams, J.,* it is said: "The breach of a statute is negligence *per se,* but there must be a causal connection between the disregard of the statute and the injury inflicted. *Ledbetter v. English,* 166 N. C., 125." We fail to discover any evidence from which the jury could find any causal connection between the failure of defendant Baucom to have the license or permit required by the ordinance, and the injuries for which judgments against defendant Baucom are demanded. His assignments of error based upon exceptions to these instructions must be sustained. For the error in these instructions, defendant, Chas. H. Baucom, is entitled to a new trial, both in the actions of Mrs. Ruth Peters and W. T. Peters, and in the cross-action of his codefendant, Hugh Puckett. It is so ordered.

In the appeal of defendant, the Great A. & P. Tea Company, the judgment is reversed and the actions of plaintiff and the cross-action of Hugh Puckett are dismissed.

In the appeal of defendant, Chas. H. Baucom, there must be a
New trial.