DALLAS RADFORD v. T. P. YOUNG ET AL.

(Filed 21 December, 1927.)

**1. Negligence—Highways—Rules of State Highway Commission—Criminal Law—Proximate Cause.**

One walking along a State highway on the right side thereof in violation of a rule of the State Highway Commission, making it a misdemeanor under authority of statute, may recover damages when such violation is not the proximate cause of the injury in suit.

**2. Jury—Relationship of Jurors—Prejudice—Appeal and Error.**

Where two of the jurors trying the case are related to a party litigant, and the trial judge has found that they were unaware of the relationship at the time, and the verdict was without prejudice, it will not be disturbed on appeal.

CIVIL ACTION, before *Deal, J.,* at September Term, 1927, of BUNCOMBE.

The plaintiff instituted an action for damages against the defendants, alleging that a truck owned by the defendants and operated by their agent, and while engaged in their business, ran over and injured him while he was walking upon the highway and traveling toward Weaverville. The evidence tended to show that the truck approached plaintiff from the rear and knocked him down. Defendant offered evidence tending to show that the truck was not being used in their business at the time and that plaintiff was guilty of contributory negli-

gence, barring recovery. Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of plaintiff.

From judgment upon the verdict the defendant appealed.

*C. R. Edney and Rollins & Smathers for plaintiff.*
*Ellis Jones and George M. Pritchard for defendants.*

BROGDEN, J. Public Laws of 1923, chapter 160, authorizes the State Highway Commission to make rules, regulations and ordinances regulating the use of the State highways, and further providing that the violation of any such ordinances so prescribed shall constitute a misdemeanor. Sections 29 and 30 of the ordinances of the State Highway Commission, admitted in evidence, provide as follows: "Pedestrians walking on the highways shall keep on the left-hand side of the road. Any violation of the foregoing rules, regulations or ordinances shall constitute a misdemeanor and be punished as provided by statute."

The defendant offered evidence tending to show that at the time of his injury the plaintiff was walking on the right-hand side of the highway in violation of said ordinance. The plaintiff, however, contended that he was not walking on the pavement at all, testifying in regard thereto as follows: "There never was any road where I was walking. I was off the highway." One of the questions presented by the appeal was whether or not walking along the right-hand side of the highway in violation of the ordinance constituted contributory negligence. The judge charged the jury in substance that if they should find that the plaintiff was walking on the right side of the highway in violation of the ordinance enacted by the State Highway Commission, and that if such conduct was the proximate cause of the injury, plaintiff was not entitled to recover. This is a correct interpretation of the law. *Delaney v. Henderson-Gilmer Co.*, 192 N. C., 647.

The defendant also made a motion to have the verdict set aside because it appeared that two jurors were related to plaintiff within the ninth degree. The court found as a fact that neither juror knew of the relationship at the time the jury was selected and the verdict rendered, and that the verdict was in "nowise influenced by the relationship."

Whereupon the court, upon such finding of fact, refused to set aside the verdict in the exercise of discretion. This exception to such refusal cannot be sustained. *S. v. Crane*, 110 N. C., 530; *S. v. Adkins, post,* 749.

There are other exceptions in the record, but a careful examination of the evidence and charge of the court convinces us that no error of law was committed in the trial of the cause.

No error.