W. B. WHITAKER, SR., v. CARPENTER MOTOR CAR COMPANY ET AL.

(Filed 17 April, 1929.)

**1. Highways B c—Violation of speed law negligence per se.**

The operating of an automobile upon a public highway or street at a speed in excess of the limit fixed by law is negligence *per se.*

**2. Same—Negligence must be proximate cause to be actionable.**

Negligence in exceeding the legal speed limit on a public highway or street is insufficient for a recovery of damages unless there is a causal connection between the breach of duty imposed by law and the injury complained of.

CIVIL ACTION, before *Sinclair, J.,* at February Term, 1929, of DURHAM.

The plaintiff instituted an action against defendants for damages, alleging that, while he was attempting to cross East Main Street in the city of Durham, on the night of 1 October, 1926, he was negligently struck and injured by an automobile owned by the defendant, Carpenter Motor Car Company, and operated by a young man named Ross, who was the alleged agent of said company.

There was evidence tending to show that the plaintiff was struck at a point in the business section of the city, and there was further evidence tending to show that the automobile was being operated at a speed in excess of the limit prescribed by law.

The usual issues of negligence, contributory negligence and damages were submitted to the jury. The issue of negligence was answered in the negative. Whereupon judgment was entered that the plaintiff take nothing, from which judgment the plaintiff appealed, assigning error.

*McLendon & Hedrick and W. Brantley Womble for plaintiff.*
*Brawley & Gantt for defendant, Ross.*
*Fuller, Reade & Fuller for Carpenter Motor Car Company.*

BROGDEN, J. The trial judge instructed the jury as follows: "Now, gentlemen of the jury, the fact that a man may drive in excess of the legal rate of speed is not in itself negligence. A man may drive in excess of the legal rate of speed, and at the same time may not be guilty of negligence at all. He may be a careful and competent driver, and he may exceed the speed limit and he may not be driving recklessly and carelessly, and that would not constitute negligence in itself. The law says, however, when you have other evidence of negligence, that you may consider that as a circumstance just as you would consider any

other circumstance bearing upon the main question, of whether or not a man was negligent, and consider it in that respect—but that isn't negligence in itself, that fact standing alone. The plaintiff contends you ought to find that the negligence of Ross caused the injury, and contends that there was no other car upon the street, and that was the only way it could have happened."

The foregoing instruction was erroneous. It was clearly and manifestly a legal mishap which inadvertently slipped into the day's work.

The breach of a statute enacted for the protection of the public is negligence *per se;* but notwithstanding, there must be a causal connection between the breach of the statute and the injury complained of. *Ledbetter v. English,* 166 N. C., 125, 81 S. E., 1066; *Davis v. Long,* 189 N. C., 129, 126 S. E., 521; *Gillis v. Transit Corp.,* 193 N. C., 346, 137 S. E., 153; *Peters v. Tea Co.,* 194 N. C., 172, 138 S. E., 595; *Goss v. Williams,* 196 N. C., 213.

New trial.