L. J. COOK v. J. HERBERT HORNE.

(Filed 28 May, 1930.)

**Highways B a: B g—Whether plaintiff was guilty of contributory negligence in passing car on highway held question for the jury.**

Where the evidence in an action to recover damages for an injury sustained in an automobile collision tends to show that the plaintiff's car collided with the car of the defendant which was driven without lights in violation of C. S., 2615, while the plaintiff was attempting to pass another car, and that the collision occurred 20 or 30 feet beyond the beginning of a white line on the highway and 65 or 70 feet before a slight curve, and that the plaintiff's vision was unobstructed for a distance of 750 or 900 feet at the point of the accident: *Held,* a judgment as of nonsuit entered on the theory that the plaintiff was guilty of contributory negligence in attempting to pass a vehicle upon the crest of a grade or upon a curve in the highway in violation of C. S., 2621(55), is error, the question of proximate cause being for the determination of the jury.

COOK *v.* HORNE.

CIVIL ACTION, before *Sink, Special Judge,* at February Term, 1930, of SURRY.

The plaintiff offered evidence to the effect that on 6 September, 1928, while traveling from Dudley in Wayne County, North Carolina, toward Goldsboro in said county, he sustained certain personal injuries by reason of a collision with a car driven by the defendant. The plaintiff's version of the collision was to the effect that, while he was attempting to pass a Ford car, traveling in the same direction, the defendant, operating a car without lights and after dark, collided with the car driven by plaintiff. Upon cross-examination it appeared that at the point of the wreck or collision there was a white line in the highway which had been placed therein by the State Highway Commission; that plaintiff's car was twenty or thirty feet beyond the point where the white mark began. This white mark was visible. There was testimony in behalf of plaintiff from a witness named Nunn that "there was no curve where the wreck occurred." The plaintiff attempted to pass the car in front before reaching the white line, but before he had passed said car it appears that he was twenty or thirty feet beyond the point where the white line began. There was further testimony to the effect that the plaintiff before passing had an unobstructed vision for a distance of 750 or 900 feet, and that he saw no light from any approaching car, and in an effort to pass the car in front was struck by the unlighted car of defendant while in the act of passing.

At the conclusion of plaintiff's evidence there was judgment of nonsuit and the plaintiff appealed.

*E. C. Bivens for plaintiff.*
*Folger & Folger for defendant.*

BROGDEN, J. The judgment of nonsuit was apparently entered upon the theory that plaintiff was operating his car in violation of C. S., 2621(55), in that he was attempting to pass another vehicle proceeding in the same direction upon the crest of a grade or upon a curve in the highway, and in so doing had driven to the left side of the center line on the highway upon such curve. The evidence of plaintiff, however, was to the effect that there was a slight curve 75 or 80 feet beyond the point where the white line or mark commenced. Hence it was contended for the plaintiff that there was no violation of the statute. Moreover, the rights of the parties are not to be determined upon the facts and circumstances disclosed by the record, solely upon the theory that the plaintiff is barred of recovery as a matter of law by reason of crossing the white line before the act of passing was completed. The evidence discloses that the defendant was operating his automobile in violation of C. S., 2615, in that the same was being driven at night without

lights. The act of defendant in so operating his automobile was negligence *per se*. This state of facts raises the question of proximate cause which should have been submitted to the jury under proper instructions from the court. *DeLaney v. Henderson-Gilmer Co.*, 192 N. C., 647, 135 S. E., 791; *Franklin v. R. R.*, 192 N. C., 717, 135 S. E., 874; *Radford v. Young*, 194 N. C., 747, 140 S. E., 806; *Whitaker v. Car Co.*, 197 N. C., 83.

Reversed.