J. A. MINNIS, ADMINISTRATOR OF C. E. SHARPE, DECEASED, v. W. E. SHARPE, J. L. SCOTT, JOHN M. FIX, J. C. STALEY, MRS. MAUD G. HOLT, EXECUTRIX OF KIRK HOLT, DECEASED, JAMES N. WILLIAMSON, JR., S. G. MOORE AND C. V. SHARPE.

(Filed 29 June, 1932.)

1. **Corporations C c—In absence of evidence of causal connection between negligence of director and damage, a nonsuit is proper.**

In an action against the directors of a corporation to recover the loss sustained by the plaintiff by reason of the directors' negligence in the performance of their duties, a motion as of nonsuit by one of the directors should be allowed where there is no evidence of a causal connection between his negligence and the damage to the plaintiff, such damage being sustained after the movant had ceased to be a director.

**2. Appeal and Error I a—Petition to rehear is allowed in this case.**

> Where an examination of the evidence set out in the case on appeal sustains the petitioner's contention that the Court inadvertently overlooked in deciding the case the contentions presented by his petition, his petition to rehear will be allowed.

THE above entitled action was tried before *Devin, J.,* and a jury at April Term, 1931, of ALAMANCE.

The defendants appealed from the judgment of the Superior Court to the Supreme Court. Upon the hearing of their appeal, the judgment of the Superior Court was affirmed in accordance with the opinion filed in the Supreme Court on 24 February, 1932. See 202 N. C., 300, 162 S. E., 606.

On 31 March, 1932, the defendant, James N. Williamson, Jr., filed in the Supreme Court his petition for a rehearing of his appeal from the judgment of the Superior Court. Rule 44, Rules of Practice in the Supreme Court. 200 N. C., 838. A rehearing was ordered on 9 May, 1932, and has been had since that date.

It appears from the uncontradicted evidence at the trial of this action in the Superior Court, that the loss sustained by plaintiff's intestate by reason of the negligence of the directors of the Alamance Insurance and Real Estate Company occurred after 27 November, 1927, and that the defendant, James N. Williamson, Jr., was not a director of the said company, either *de jure* or *de facto* on or after said date. He was not reëlected as a director in the annual meeting of the stockholders of the company in January, 1927.

The defendant, James N. Williamson, Jr., excepted to the refusal of the trial court to allow his motion for judgment as of nonsuit at the close of all the evidence and on his appeal to the Supreme Court assigned such refusal as error. This assignment of error was not sustained at the hearing of the appeal by the Supreme Court. In his petition for a rehearing of his appeal, the defendant suggests that the Supreme Court was inadvertent to his contention that there was no evidence at the trial in the Superior Court tending to show a causal connection between any negligence on his part as a director of the Alamance Insurance and Real Estate Company and the loss sustained by plaintiff's intestate.

*Cooper A. Hall and Shuping & Hampton for plaintiff.*
*Brooks, Parker, Smith & Wharton for defendant.*

CONNOR, J. In the absence of evidence tending to show a causal connection between the negligence of the defendant, James N. Williamson, Jr., while serving as a director of the Alamance Insurance and Real

Estate Company, and the loss sustained by plaintiff's intestate by reason of the negligence of the directors of said company, after the defendant had ceased to be a director, it was error to refuse defendant's motion for judgment as of nonsuit at the close of all the evidence. *Burke v. Coach Co.*, 198 N. C., 8, 150 S. E., 636, *Whitaker v. Car Co.*, 197 N. C., 83, 147 S. E., 729, *Peters v. Tea Co.*, 194 N. C., 172, 138 S. E., 595, *Gillis v. Transit Corporation*, 193 N. C., 346, 137 S. E., 153, *Ledbetter v. English*, 166 N. C., 125, 181 S. E., 1066.

An examination of the evidence set out in the case on appeal sustains the petitioner's contention that the court inadvertently overlooked his contention presented by his petition for a rehearing.

The judgment of the Superior Court against the defendant, James N. Williamson, Jr., is reversed.

Petition allowed.