ROBERT TERRY v. MONTGOMERY WARD COMPANY AND TOM TERRY

and

ELSIE LYNN TERRY v. MONTGOMERY WARD COMPANY AND TOM TERRY.

(Filed 15 June, 1936.)

**Automobiles E b—**

In order to hold an employer liable for the negligent driving of his employee, plaintiff must establish not only the fact of employment, but also that the employee, at the time of the collision, was engaged in the performance of some duty incident to his employment.

APPEAL by plaintiffs from *Grady, J.,* at September Term, 1935, of DURHAM. Affirmed.

The above entitled actions to recover damages for injuries suffered by the plaintiff in each action, and resulting from a collision between a truck driven by the defendant Tom Terry and an automobile in which the plaintiffs were riding, were consolidated, by consent, for trial.

It is alleged in the complaint in each action that the collision which resulted in injury to the plaintiff therein was caused by the negligence of the defendant Tom Terry, while driving the truck as an employee of his codefendant, Montgomery Ward Company. This allegation is denied in the answer of the defendants.

From judgment dismissing both actions as to the defendant Montgomery Ward Company, the plaintiffs appealed to the Supreme Court, assigning errors in the trial and in the judgment.

*Henry Bane and Harvey Harward for plaintiff.*
*Bryant & Jones for defendant.*

PER CURIAM. Conceding without deciding that there was evidence at the trial of these actions tending to show that at the time the plaintiffs were injured, the defendant Tom Terry was an employee of his codefendant, Montgomery Ward Company, and was not an independent contractor as contended by the defendants, we are of opinion that there was no evidence tending to show that the defendant Tom Terry was at the time of the collision engaged in the performance of any duty incident to his employment.

For this reason, there is no error in the judgment dismissing the action as to the defendant Montgomery Ward Company at the close of the evidence. See *Wilkie v. Stancil,* 196 N. C., 794, 147 S. E., 296; *Peters v. Tea Company,* 194 N. C., 172, 138 S. E., 595; *Grier v. Grier,* 192 N. C., 760, 135 S. E., 852.

The judgment is

Affirmed.