MRS. R. B. JORDAN v. C. G. HATCH.

(Filed 26 March, 1930.)

1. **Trial E c—Where requested instructions are substantially given it is sufficient.**

   Where special instructions requested are substantially given in the charge it is sufficient.

2. **Trial G c—Directed verdict will not be given on conflicting evidence.**

   A directed verdict will not be given on conflicting evidence.

3. **Trial E c—Instructions as to matter not raised by pleadings or contentions are not required.**

   Instructions in a personal injury case as to concurrent negligence are not required when the question is not raised by the pleadings or the contentions of the parties.

APPEAL by plaintiff from *Cranmer, J.,* at July Term, 1929, of LEE. No error.

Action to recover damages for personal injuries sustained by plaintiff, when the automobile in which she was riding as a guest was struck by a truck owned by defendant and driven by his employee.

The driver of the automobile turned sharply to the left, and drove across the highway for the purpose of entering an intersecting road. The truck, which was following the automobile, struck it before the automobile had cleared the highway. As a result of the collision, plaintiff was injured.

Plaintiff alleges in her complaint and offered evidence tending to show that the collision was caused by the negligence of the driver of the truck, and that his negligence was the sole, proximate cause of her injuries. These allegations are denied by the defendant, who offered evidence tending to contradict the contentions of the plaintiff.

Plaintiff specifically alleges in her complaint and offered evidence tending to show that at the time of and immediately before the collision, the automobile in which she was riding was operated by its driver in a careful and lawful manner. This allegation is denied by the defendant, who offered evidence tending to show that the sole, proximate cause of plaintiff's injuries was the negligence of the driver of the automobile in which plaintiff was riding.

The jury by its answer to the first issue found that plaintiff was not injured by the negligence of defendant as alleged in the complaint.

From judgment that plaintiff recover nothing of the defendant by this action, plaintiff appealed to the Supreme Court.

*Gavin, Teague & Byerly, and Hoyle & Hoyle for plaintiff.*
*No counsel for defendant.*

PER CURIAM. The only assignments of error on this appeal are based upon plaintiff's exceptions with respect to the charge of the court to the jury. These assignments of error cannot be sustained.

Plaintiff's prayers for instructions to which she was entitled were given substantially, although not literally, in the charge. This was sufficient, as has been generally held by this Court. *Lloyd v. Bowen,* 170 N. C., 216, 86 S. E., 797, and cases cited in the opinion of *Walker, J.* It was not error to refuse to charge the jury, as requested by plaintiff, that upon all the evidence they should answer the first issue, Yes. The evidence with respect to this issue was conflicting, and was therefore properly submitted to the jury, both upon the question of defendant's negligence, and upon the question of sole, proximate cause of the injuries sustained by plaintiff. *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180. Neither the allegations in the pleadings, nor the contentions of the parties called for an instruction as to concurrent negligence. *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564.

We find no error on this appeal for which the judgment should be reversed.

No error.