K. B. JOHNSON & SONS, INC., v. SOUTHERN RAILWAY COMPANY,
A CORPORATION,

and

S. W. JOHNSON v. SOUTHERN RAILWAY COMPANY, A CORPORATION.

(Filed 30 November, 1938.)

**1. Railroads § 9—**

In an action to recover for damages to an automobile resulting from a collision at a grade crossing, the railroad company's motion to nonsuit is properly allowed in the absence of evidence that plaintiff was the owner of the car.

**2. Evidence § 56—**

Negative evidence is admissible and carries some probative force for the consideration of the jury that the circumstance in dispute did not occur, but in order to be competent it must be made to appear that the witness would have seen or heard or known of the fact in dispute had it existed.

**3. Railroads § 9—**

Testimony of a witness that he did not hear the bell or whistle of a locomotive as it approached a grade crossing is some evidence that the proper warning was not given, provided it is made to appear that the witness was in a position to have heard the signal had it been given.

**4. Same—Negative evidence that locomotive failed to give proper warning held without probative force under circumstances of this case.**

The evidence tended to show that the witnesses, the driver and passenger in an automobile, were both hard of hearing, that they approached the grade crossing with the engine of the car running, that it was raining and cold so that all windows were closed, and that mist continually gathered on the inside and outside of the glass windows and windshield, and that the occupants of the car had their attention centered, to some extent at least, upon keeping the windshield as nearly free of mist as the circumstances would permit. *Held:* Under the circumstances disclosed by the evidence, it does not appear that the witnesses would have heard warning signals of defendant's locomotive had any been given, and therefore their testimony that they did not hear any warning by whistle or bell has no probative force that such signals were not given, and this negative testimony being the only evidence of negligence on the part of the railroad company, its motion to nonsuit was properly allowed.

**5. Appeal and Error § 41—**

Where it is determined on appeal that the judgment as of nonsuit was proper for want of sufficient evidence of negligence, it is not necessary to decide whether the conduct of plaintiffs constituted contributory negligence as a matter of law.

CLARKSON, J., concurs in result.

APPEAL by plaintiffs from *Olive, Special Judge,* at June Term, 1938, of WAKE. Affirmed.

Civil actions, consolidated by consent, instituted to recover compensation for property damage to the automobile of the corporate plaintiff and for personal injuries to the individual plaintiff, alleged to have been caused by the negligence of the defendant resulting in a collision between an automobile occupied by K. B. Johnson, the driver, president of the corporate plaintiff, and S. W. Johnson, a passenger, and a train of the defendant at an intersection of the defendant's railroad and United States Highway No. 1 just inside the corporate limits in the town of Henderson.

United States Highway No. 1, upon which the car was traveling in a northerly direction, intersects the defendant's railroad at said crossing almost at right angles. There is another highway crossing the railroad at the same point at an acute angle. The point of intersection of the two highways is at or upon the railroad crossing, the said railroad crossing being common to both highways. The railroad at the point where it crosses the hard surface highway is located at the crest of a small incline or knoll and is imbedded in the material of which the hard surface of the highway is made, the top of the rails being approximately level with the surface of the highway, so that at the crossing the railroad cannot be seen. To the east, however, the track and a train thereon can be seen for some distance, as disclosed by the testimony of witnesses.

As the car was crossing the railroad track going in a northerly direction, the train of the defendant going in a westerly direction struck the rear end of the car, damaging same and inflicting personal injuries on the plaintiff S. W. Johnson. At the conclusion of plaintiff's evidence, on motion of the defendant, the action was dismissed and a judgment of involuntary nonsuit entered. The plaintiffs excepted and appealed.

*A. J. Fletcher and Douglass & Douglass for plaintiffs, appellants.*
*W. T. Joyner, H. E. Powers, and Smith, Leach & Anderson for defendant, appellee.*

BARNHILL, J. It is alleged that the automobile was the property of the corporate plaintiff. There is no evidence to sustain this allegation. The only evidence of title arises out of the testimony of the witness K. B. Johnson, the driver, who referred to the car a number of times as "my car." This alone is sufficient to sustain the judgment of nonsuit as to the corporate plaintiff.

The only witnesses to the occurrence were K. B. Johnson, the driver of the automobile, and the plaintiff S. W. Johnson, a passenger thereon. Each testified that he did not hear any bell or whistle or other signal. There was no evidence of excessive speed of the train or other act of negligence on the part of the employees of the railroad company. Under

JOHNSON & SONS, INC., *v.* R. R. and JOHNSON *v.* R. R.

the circumstances of this case was the negative testimony of plaintiffs' witnesses sufficient evidence of the failure of the railroad company to give proper warning of the approach of its train to require the submission of the cause to a jury? This is the only question presented.

The car was of the sedan type. As the weather was cold and it was raining, the glass windows were closed. Mist gathered on the glass windows and windshield, both on the inside and the outside, to such an extent that the occupants of the car had to clear it off every few minutes before the occupants could see. The driver testified: "I could only see, get a clear vision, where the windshield wiper had cleared the water off. The fog would gather on the inside and outside too constantly. I was looking straight ahead and had a clear vision" through the space where the windshield wiper kept the glass clear. The fog or mist on the glass was so thick "we had to wipe off the glass every few minutes, both inside and outside, before we could see." This witness likewise testified: "I wear an electric device as an aid to hearing. I have worn it for two years or more. I was wearing it at the time of the accident; about a year or maybe several years before it. I am somewhat hard of hearing otherwise. I can hear ordinary conversation without it, but it aids me in church and large halls." The plaintiff S. W. Johnson testified that he could not see through the glass at all, that he could not see anything on the outside, and that "my hearing has been impaired all of my life."

K. B. Johnson testified that he did not see any railroad crossing sign as he approached the railroad track, but that he went back and found the railroad sign 200 or more feet back from the crossing; that the lettering on this sign faced a traveler going north towards the Southern Railway; that he found a "slow" sign 12 or 15 feet from the crossing and a railroad cross-arm signal close to the track, about ten feet from the ground, and a square board sign on which the lettering was dim.

Thus it appears that the automobile occupied by the witness was in operation and the engine running; that the car was closed; that the attention of the occupants was to some extent at least centered upon keeping the glass windows and windshield as nearly free of mist as the conditions would permit; and that each of them was hard of hearing. They each testified that under these conditions, as they approached the railroad track, they did not hear a bell ring or a whistle blow.

Negative evidence, meaning testimony that an alleged fact did not exist, although weak, is admissible, if the witness' situation was such that he would have known of it had it existed. *Nelson v. Iverson*, 60 A. D., 442. While the affirmative testimony of a credible witness is ordinarily more reliable than the negative testimony of an equally credible witness, still testimony that a person nearby who could have heard and did not hear the sounding of a whistle or the ringing of a

JOHNSON & SONS, INC., v. R. R. and JOHNSON v. R. R.

bell is some evidence that no such signal was given. *Johnson v. R. R.,* 205 N. C., 127, 170 S. E., 120; *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180; *Williams v. R. R.,* 187 N. C., 351, 121 S. E., 608; *Perry v. R. R.,* 180 N. C., 290, 104 S. E., 673; *Goff v. R. R.,* 179 N. C., 219, 102 S. E., 320; *Shepard v. R. R.,* 166 N. C., 539, 82 S. E., 872; *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690; *Cooper v. R. R.,* 140 N. C., 209, 52 S. E., 932; *Edwards v. R. R.,* 129 N. C., 78, 39 S. E., 730; *Strickland v. R. R.,* 150 N. C., 4, 63 S. E., 161.

In *Johnson v. R. R., supra* (205 N. C., 127), the witness, after testifying that he cut off the engine to his car when he was within 25 or 30 feet of the track, further testified that he could have heard the whistle if it had blown; that the engine of his automobile while running could not keep enough noise to prevent him from hearing it. In *Williams v. R. R., supra,* the evidence showed "that the plaintiff was in a position to have heard the signal, whistle, or bell if it had been sounded or rung, and that she was not engaged in anything that would have distracted her attention." In *Perry v. R. R., supra,* it is said: "The authorities favoring this view (that the failure to stop at a railroad crossing is not contributory negligence as a matter of law) proceed upon the idea that the traveler has the right to rely upon the performance of its duty by the defendant, and that when he looks and listens and neither sees nor hears a train he has the right to act upon the presumption that none is approaching." It is stated in *Strickland v. R. R., supra,* that "he (the witness upon whose testimony the plaintiff relied) states that he crossed the track at 11 o'clock at Shore's crossing, some 400 or 500 yards south from the railroad approach. The train passed a few minutes after he crossed the track. He noticed the train, it was 150 or 200 yards off when he crossed the track. If there was a headlight on it he could not see it. Witness does not say he was looking for a headlight, but was a casual passer, hurrying across the track in front of a rapidly approaching train. When it passed him he was going away from the track, and when he noticed it the train was 200 yards distant. Such negative testimony (of no headlight), standing alone, has scarcely probative force sufficient to establish any fact."

"The entire probative value of the negative fact lies in the circumstance at once to be stated. Such evidence is meaningless, however, if the non-seeing or the non-hearing are equally consistent with the occurrence of the events themselves. Nothing is shown of any value in evidence if at the time of the alleged occurrence of these events the witness was so situated that they well might have occurred and he neither have seen nor heard them." 3 Modern Law of Evidence, sec. 1758. The basic psychological, as well as probative, weakness of negative evidence lies in this: The fact may have taken place in the sight or hearing of a

person who may not have perceived it; or who perceived it falsely because of defective perceptive apparatus, unfavorable surrounding conditions, or the state of mind of the witness; or who, having originally perceived it correctly, has since forgotten it.   Wills, Circumstantial Evidence, Sixth Ed., pp. 421-435; Gardner, "The Perception and Memory of Witnesses," 18 Cornell Law Quarterly, 391-409.   Testimony of witnesses that they did not hear a locomotive signal at a given time and place is given probative effect according to the surrounding circumstances, and is as "forceful as the opportunities for observation, and the concentration and attention of the witness on what was going on at the time, indicate, when considered with all the circumstances which bear on the credibility of witnesses generally."   1 Jones, Commentaries on Evidence, 2nd Ed., p. 39.   Dean Wigmore likewise has recognized the importance of the surrounding circumstances and conditions of perception in admitting negative evidence such as that here considered.   He states: "The only requirement is that the witness should have been so situated that in the ordinary course of events he would have heard or seen the fact had it occurred."   1 Evidence, 2nd Ed., p. 1068.

The rights of persons and things ought not to rest, and the law will not permit them to depend, upon the uncertain testimony of a witness who says he did not hear a bell or whistle, unless it is first made to appear that he was in a position to hear and could have heard the signal had one been sounded.   The showing that the witness was in a position to hear and would have heard a signal is a prerequisite to the admissibility of negative evidence that the witness did not hear the ringing of a bell or the blowing of a whistle, or other signal, the hearing of which is dependent upon sound vibrations.

While we still adhere to the rule that evidence that a signal was not heard by one who was in a position to and would reasonably have heard the signal if it had been given, while negative in nature, is some evidence to be considered by a jury in determining whether a signal was given, such testimony is competent and admissible only when it is first made to appear that the witness was in a position to hear and could have heard the signal had it been given.   In the absence of this preliminary showing the testimony does not possess sufficient probative force to require its submission to a jury.

Under the circumstances outlined by the witnesses for the plaintiffs, we are persuaded that they have failed to show that they were in a position to hear and would have heard the signal of the oncoming train had one been given.   As we hold that this negative testimony, under the circumstances, has no probative force, there was no evidence of negligence on the part of the defendant to be submitted to a jury.   All railroad grade crossings are more or less dangerous, and the mere

ROBINSON, HUDSON, AND BLACKBURN *v.* TRANSPORTATION CO.

presence of a railroad near or across a public highway is necessarily a disturbing element, but the company is not responsible for such inherent danger unless it unnecessarily causes or increases it by some unlawful act, or wilful or negligent omission of duty. *Edwards v. R. R.,* 129 N. C., 78. There was no error in granting the motion to dismiss as of nonsuit.

As we conclude that there was no evidence of negligence on the part of the defendant it is unnecessary for us now to decide whether the conduct of the driver of the car and of the passenger alike in proceeding on a main highway under circumstances which prevented them from seeing signals erected for the purpose of warning travelers upon the highway that they were approaching a railroad crossing and without looking and listening constitutes contributory negligence on the part of each.

The judgment below is
Affirmed.

CLARKSON, J., concurs in result.